IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOGEN INC. and BIOGEN MA INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SANDOZ INC. and ) <br> POLPHARMA BIOLOGICS S.A., ) <br> ) <br> Defendants. ) | C.A. No. 22-1190 (GBW) |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIMS OF INVALIDITY**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP <br> Jack Blumenfeld (#1014) <br> Karen Jacobs (#2881) <br> Derek J. Fahnestock (#4705) <br> 1201 North Market Street <br> P.O. Box 1347 |
| OF COUNSEL: | Wilmington, DE  19899-1347 <br> (302) 658-9200 |
|  | jblumenfeld@morrisnichols.com |
| Eric J. Marandett | |
| Anita M.C. Spieth | kjacobs@morrisnichols.com |
| Greta A. Fails | dfahnestock@morrisnichols.com |
| Jennie D. Wilusz | |
| Max A. Jacobs | *Attorneys for Plaintiffs* |
| CHOATE HALL & STEWART LLP | *Biogen Inc. and Biogen MA Inc.* |
| Two International Place | |
| Boston, MA  02110 | |
| (617) 248-5000 | |

October 26, 2022

# TABLE OF CONTENTS

**Page(s)**

SUMMARY OF ARGUMENT ................................................................................................... 1

NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS ........................ 1

ARGUMENT .................................................................................................................................. 2

    I.    *Twombly* and *Iqbal* Govern the Pleading Standard for Invalidity Counterclaims .............. 2

    II.    Sandoz's Invalidity Counterclaims Fail to Meet the *Twombly/Iqbal* Standard .................. 3

CONCLUSION ............................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................. 1, 2, 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................. 1, 2, 3

*EMC Corp. v. Zerto, Inc.*,
   No. 12-956-GMS, 2014 WL 3809365 (D. Del. July 31, 2014) ............................... 2, 3

*Idenix Pharm., Inc. v. Gilead Scis., Inc.*,
   No. 13-1987-LPS, 2014 WL 4222902 (D. Del. Aug. 25, 2014) ......................... 2, 3, 4

*Joao Bock Transaction Sys., LLC v. Jack Henry & Assocs., Inc.*,
   292 F.R.D. 167 (D. Del. 2013) ...................................................................................... 4

*Senju Pharm. Co., Ltd. v. Apotex, Inc.*,
   921 F. Supp. 2d 297 (D. Del. 2013) ........................................................................ 1, 2

*Walley v. Amazon.com, Inc.*,
   No. 21-1498-GBW, 2022 WL 4324895 (D. Del. Sep. 16, 2022) .................................. 2

**Statutes**

35 U.S.C. §§ 101, 102, 103, 112 ............................................................................. 1, 2, 3

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ........................................................................................................ 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 2, 4

## SUMMARY OF ARGUMENT

Plaintiffs Biogen Inc. and Biogen MA Inc. (collectively, "Biogen" or "Plaintiffs") respectfully move the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Defendant Sandoz Inc.'s ("Sandoz" or "Defendant") invalidity counterclaims for failure to state a claim upon which relief can be granted under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The District of Delaware applies the *Twombly/Iqbal* pleading standard to invalidity counterclaims in patent cases. *E.g., Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 302-03 (D. Del. 2013) (holding that "the pleading standards set forth in *Twombly* and *Iqbal* apply to counterclaims of invalidity"). Here, Sandoz's counterclaims of invalidity are merely threadbare legal conclusions devoid of any supporting factual allegations. Sandoz's bare bones counterclaims fall far short of stating a claim under *Twombly* and *Iqbal*, and should, therefore, be dismissed.

## NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS

Biogen filed this lawsuit against Sandoz on September 9, 2022, asserting infringement of its patents. D.I. 2. Sandoz filed its answer, affirmative defenses, and counterclaims on October 5, 2022. D.I. 14. In its counterclaims, Sandoz seeks a declaratory judgment of invalidity for each of Biogen's asserted patents. *Id.*, Counterclaims ¶ 2. Sandoz's invalidity counterclaims for each asserted patent recite:

> The claims of the [] patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112, as well as other judicially created bases for patent invalidity.

*Id.*, Counterclaims ¶¶ 10, 15, 20, 25, 30, 35, 40, 45, 50, 55, 60, 65, 70, 75, 80, 85, 90, 95, 100, 105, 110, 115, 120, 125, 130, 135, 140, 145. Importantly, not a single counterclaim contains factual

1

allegations supporting Sandoz's assertions of invalidity. *See id.* For example, none cite a single piece of prior art; nor do any identify particular allegedly invalid Biogen patent claims; nor do any point to a particular section of the patents' specifications or prosecution histories underpinning the allegation of invalidity. *See id.* In short, the counterclaims do not point to any particular reason why, under any one of 35 U.S.C. §§ 101, 102, 103, and 112, the Biogen patents are invalid. *See id.*

## ARGUMENT

### I. *TWOMBLY* AND *IQBAL* GOVERN THE PLEADING STANDARD FOR INVALIDITY COUNTERCLAIMS

The District of Delaware applies the pleading standard set forth in *Twombly* and *Iqbal* to invalidity counterclaims. *E.g., Senju Pharm.*, 921 F. Supp. 2d at 303 ("the pleading standards set forth in *Twombly* and *Iqbal* apply to counterclaims of invalidity"); *EMC Corp. v. Zerto, Inc.*, No. 12-956-GMS, 2014 WL 3809365, at *2 (D. Del. July 31, 2014) (same); *Idenix Pharm., Inc. v. Gilead Scis., Inc.*, No. 13-1987-LPS, 2014 WL 4222902, at *5 (D. Del. Aug. 25, 2014) (same).

Under the *Twombly/Iqbal* standard, the defendant's counterclaim should be dismissed under Rule 12(b)(6) when those allegations "could not raise a claim of entitlement to relief." *Walley v. Amazon.com, Inc.*, No. 21-1498-GBW, 2022 WL 4324895, at *2 (D. Del. Sep. 16, 2022) (quoting *Twombly*, 550 U.S. at 558). That is, the counterclaimant must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663. "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Walley*, 2022 WL 4324895, at *2 (quoting *Iqbal*, 556 U.S. at 678). In its counterclaims, Sandoz must "do more than simply provide labels and

2

conclusions or a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555).

## II. SANDOZ'S INVALIDITY COUNTERCLAIMS FAIL TO MEET THE *TWOMBLY/IQBAL* STANDARD

Sandoz has pled its counterclaims with the same threadbare invalidity assertions that this Court has repeatedly dismissed for failing to meet the *Twombly/Iqbal* standard. For example, in *Idenix*, the Court dismissed the defendant's invalidity counterclaims, which were nearly identical to those of Sandoz. 2014 WL 4222902, at *6 (dismissing invalidity counterclaims alleging that "the claims of the [patent at issue] are invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112 . . ."). Likewise, the *EMC* court dismissed an equally deficient invalidity counterclaim: "One or more claims . . . is invalid for failure to comply with the conditions for patentability specified by Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112." 2014 WL 3809365, at *2. In both *Idenix* and *EMC*, the court determined such invalidity counterclaims were merely "bare-bones legal conclusions devoid of any supporting factual allegations." *Idenix*, 2014 WL 4222902, at *6; *EMC Corp.*, 2014 WL 3809365, at *2. Such "bare-bones legal conclusions" are dismissed in this District because they do not "provide notice of what particular type of claims of invalidity are at issue." *See Idenix*, 2014 WL 4222902, at *6; Fed. R. Civ. P. 8(a)(2).

Sandoz's invalidity counterclaims also should be dismissed here. They contain no factual allegations and recite nothing more than the bald legal conclusion that the asserted patents are invalid under one or more of a laundry list of independent statutory provisions: 35 U.S.C. §§ 101 (lack of patent-eligible subject matter); 102 (anticipation by prior art); 103 (obviousness); and 112 (indefiniteness, non-enablement, or inadequate written description); or some (unidentified) "other

3

judicially created bases for patent invalidity." Yet the counterclaims do not contain (for example) any citation or reference to invalidating prior art, nor any statement of why the specification fails to inform persons of ordinary skill in the art about the scope of inventions.[1] Biogen is left wondering which invalidity arguments apply to each of the asserted Biogen patents. Under Rule 12(b)(6), such conclusory allegations do not state a claim for which relief can be granted.

## CONCLUSION

Sandoz's invalidity counterclaims do not set forth any factual support whatsoever. Accordingly, they fail to state a claim upon which relief can be granted. Therefore, Biogen respectfully requests that the Court dismiss Defendant's counterclaims of invalidity in their entirety.

---

[1] Sandoz's answer and affirmative defenses also do not contain any factual assertions supporting its invalidity counterclaims. *Compare Joao Bock Transaction Sys., LLC v. Jack Henry & Assocs., Inc.*, 292 F.R.D. 167, 170 (D. Del. 2013) (upholding defendant's invalidity counterclaim when counterclaims referred to "reasons set forth in its [a]nswer" and answer contained preliminary statement including "numerous details indicating why [defendant] believes the [] patent is invalid"). Unlike in *Joao Bock*, Sandoz's counterclaims do not refer to reasons set forth in its answer, its answer contains no supporting factual allegations, and its invalidity affirmative defense repeats the same bare assertion in its counterclaims. D.I. 14 at 65 (Tenth Affirmative Defense); *see Idenix,* 2014 WL 4222902, at *7 (distinguishing its case from *Joao Bock* and dismissing invalidity counterclaims because they did not provide "a clear description of the type of invalidity claim at issue that related to each of [the] statutory sections").

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Derek J. Fahnestock* |
| OF COUNSEL: | Jack Blumenfeld (#1014) |
|  | Karen Jacobs (#2881) |
| Eric J. Marandett | Derek J. Fahnestock (#4705) |
| Anita M.C. Spieth | 1201 North Market Street |
| Greta A. Fails | P.O. Box 1347 |
| Jennie D. Wilusz | Wilmington, DE 19899-1347 |
| Max A. Jacobs | (302) 658-9200 |
| CHOATE HALL & STEWART LLP | jblumenfeld@morrisnichols.com |
| Two International Place | kjacobs@morrisnichols.com |
| Boston, MA 02110 | dfahnestock@morrisnichols.com |
| (617) 248-5000 |  |
|  | *Attorneys for Plaintiffs* |
| October 26, 2022 | *Biogen Inc. and Biogen MA Inc.* |

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 26, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant Sandoz Inc.* | *VIA ELECTRONIC MAIL* |
| Erik J. Olson, Esquire<br>Eric C. Pai, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304-1018<br>*Attorneys for Defendant Sandoz Inc.* | *VIA ELECTRONIC MAIL* |
| Matthew A. Chivvis, Esquire<br>Rachel S. Dolphin, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105-2482<br>*Attorneys for Defendant Sandoz Inc.* | *VIA ELECTRONIC MAIL* |
| Wesley WL Chen, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA  92130<br>*Attorneys for Defendant Sandoz Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Derek J. Fahnestock*

Derek J. Fahnestock (#4705)