IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOGEN INC. and BIOGEN MA INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SANDOZ INC. and ) <br> POLPHARMA BIOLOGICS S.A., ) <br> ) <br> Defendants. ) | C.A. No. 22-1190 (GBW) <br><br> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ <br><br> REDACTED - PUBLIC VERSION |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65 and the Biologics Price Competition and Innovation Act ("BPCIA"), plaintiffs Biogen Inc. and Biogen MA Inc. (collectively, "Biogen") move to preliminarily enjoin Defendants Sandoz Inc. ("Sandoz") and Polpharma Biologics S.A. ("Polpharma") (collectively, "Defendants") from engaging in the commercial importation, marketing, and sale of their natalizumab biosimilar, ▇▇▇▇, and companion assay, ▇▇▇▇▇▇▇▇, until Biogen's patent infringement claims against Defendants are fully adjudicated. The BPCIA specifically contemplates that preliminary injunctions may be necessary and appropriate in biosimilar cases, and requires biosimilar applicants to cooperate with reference product sponsors in expedited discovery to allow the sponsor/patentee to seek and obtain injunctive relief before the biosimilar launches. See 42 U.S.C. 262(l)(8)(B)-(C). Accordingly, the parties agreed on an expedited discovery schedule, and also agreed that Biogen would limit its Motion for Preliminary Injunction to no more than ten claims and no more than five of the 17 patents asserted in Biogen's current Complaint. D.I. 26; D.I. 51. The parties engaged in such discovery, which reveals Defendants' infringement.

Biogen is an innovator in the field of neurological diseases. Biogen is the sponsor of the reference product, Tysabri® (natalizumab), a groundbreaking and highly effective antibody

therapeutic for multiple sclerosis ("MS") first launched in 2004. Since then, Biogen has spent nearly two decades refining its natalizumab treatment and manufacturing methods. As part of those efforts, Biogen developed, validated, and obtained FDA approval for a companion assay, called Stratify JCV® DxSelect™, which is provided to Tysabri® patients free of charge. Physicians use the assay to assess a patient's risk of developing a rare but severe disease associated with natalizumab therapy, thereby providing safe and effective methods of using Tysabri®. In recognition of its inventions, Biogen received a number of patents on methods of treatment and manufacturing related to Tysabri® and the related assay.

Defendants seek to exploit Biogen's decades of investment in safe and effective MS treatments. Sandoz and its Polish manufacturing partner, Polpharma, jointly developed a biosimilar natalizumab product called ▮▮▮ and a copycat assay ▮▮▮▮▮▮, which Defendants intend to launch in the United States ▮▮▮▮▮▮▮▮. If approved by the FDA, the importation, offer for sale, sale, and use of ▮▮▮ and ▮▮▮▮▮ will infringe valid Biogen patents. See 35 U.S.C. § 271; D.I. 51. Biogen therefore seeks a preliminary injunction on the basis that Defendants have infringed, and will continue to infringe, at least one of the four patents Biogen has asserted in this Motion ("the PI Patents"), unless the requested relief is granted. Moreover, Biogen will be irreparably harmed, and the natalizumab market permanently altered, if Defendants are allowed to launch their natalizumab biosimilar in violation of Biogen's patent rights. An injunction preserving the status quo will best serve the public interest in protecting intellectual property rights, which allow for and encourage pharmaceutical innovation.

For the reasons set forth herein and more fully in Biogen's Opening Brief and supporting declarations and evidence filed herewith, Biogen respectfully requests that the Court grant this Motion and enter an injunction in the form of the Proposed Order filed herewith, preliminarily

enjoining Defendants from the importation, offer for sale, marketing, and sale of  and ▇▇▇▇▇▇ until further Order of the Court.

                                                  MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                                  */s/ Karen Jacobs*

| OF COUNSEL: | |
|---|---|
| | Jack Blumenfeld (#1014) |
| Eric J. Marandett | Karen Jacobs (#2881) |
| Anita M.C. Spieth | Derek J. Fahnestock (#4705) |
| Sophie F. Wang | 1201 North Market Street |
| Jennie D. Wilusz | P.O. Box 1347 |
| Marina Pullerits | Wilmington, DE 19899-1347 |
| Max A. Jacobs | (302) 658-9200 |
| CHOATE HALL & STEWART LLP | jblumenfeld@morrisnichols.com |
| Two International Place | kjacobs@morrisnichols.com |
| Boston, MA 02110 | dfahnestock@morrisnichols.com |
| (617) 248-5000 | |
| | *Attorneys for Plaintiffs* |
| | *Biogen Inc. and Biogen MA Inc.* |

January 20, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 20, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant Sandoz Inc.* | *VIA ELECTRONIC MAIL* |
| Erik J. Olson, Esquire<br>Eric C. Pai, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304-1018<br>*Attorneys for Defendant Sandoz Inc.* | *VIA ELECTRONIC MAIL* |
| Matthew A. Chivvis, Esquire<br>Rachel S. Dolphin, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105-2482<br>*Attorneys for Defendant Sandoz Inc.* | *VIA ELECTRONIC MAIL* |
| Wesley WL Chen, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA  92130<br>*Attorneys for Defendant Sandoz Inc.* | *VIA ELECTRONIC MAIL* |

/s/ *Karen Jacobs*

Karen Jacobs (#2881)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOGEN INC. and BIOGEN MA INC., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 22-1190 (GBW) |
| SANDOZ INC. and POLPHARMA BIOLOGICS S.A., | ) ) ) ) |
| Defendants. | ) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'**
**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Biogen Inc. and Biogen MA Inc. (collectively, "Biogen") bring this action against Sandoz Inc. ("Sandoz") and Polpharma Biologics S.A. ("Polpharma") (collectively, "Defendants") pursuant to the Biologics Price Competition and Innovation Act. Biogen is the sponsor of the FDA-approved reference product Tysabri® (natalizumab). Biogen also provides to Tysabri® patients an FDA-approved companion assay used with Tysabri®, called Stratify JCV® DxSelect™. Sandoz has filed an Abbreviated Biologics License Application with the FDA seeking approval to sell a biosimilar of Tysabri® in the United States. The proposed biosimilar product, called ▇▇▇▇, is ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Defendants also collaborated to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ a companion assay to the biosimilar product, called ▇▇▇▇▇▇▇▇▇▇ to Biogen's Stratify assay.

Biogen claims that Defendants' manufacture, importation, offer for sale, and sale of ▇▇▇▇ will infringe a number of Biogen patents relating to methods of treatment with natalizumab and manufacturing of biologic drugs. Biogen therefore moves for a preliminary injunction to enjoin the commercial launch of Defendants' proposed natalizumab biosimilar and companion assay until

the adjudication of Biogen's patent infringement claims. Upon consideration of the entire record, including the parties' briefing and argument, Biogen's Motion for Preliminary Injunction is GRANTED.

**Accordingly, IT IS HEREBY ORDERED:**

1. Defendants and their officers, agents, affiliates, employees, attorneys, successors, assigns, and all those persons acting or attempting to act in concert or participation with Defendants, shall not engage in the commercial manufacture, importation into the United States, offer for sale, or sale of ▮▮▮▮▮▮▮▮▮▮ in the United States until a final decision on the merits of the issues of infringement, validity, and enforceability of Biogen's patents, as asserted in the First Amended Complaint, or until further order of this Court; and

2. Each Defendant shall provide notice of this Order within three (3) days to any officers, agents, affiliates, employees, attorneys, successors, assigns, and all those persons acting or attempting to act in concert or participation with it.


DATED: _____, 2023          _____
                                     UNITED STATES DISTRICT JUDGE