IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIOGEN INC. and BIOGEN MA INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1190 (GBW) |
| | ) | |
| SANDOZ INC. and | ) | |
| POLPHARMA BIOLOGICS S.A., | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs Biogen Inc. and Biogen MA Inc. (collectively, "Biogen") and Defendant Sandoz Inc. ("Sandoz") expect discovery requests made in this Litigation to encompass certain information which may constitute trade secrets and/or other confidential research, development, business, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(l)(G) and District of Delaware Rule 5.1.3 for which special protection from public disclosure and from use for any purpose other than this Litigation as stated herein is warranted, the Parties, by and through their respective Outside Counsel, HEREBY STIPULATE to the entry of this Stipulated Protective Order regarding discovery in this Litigation (defined below).

## I.      PURPOSES AND LIMITATIONS

1.      The Parties assert that they may possess confidential information in the form of trade secrets or other confidential business, personal, and/or technical information related to the subject matter of this Litigation.  The Parties recognize that it may be necessary to disclose certain of such confidential information during the course of this Litigation.  As a result, the Parties desire to limit disclosure and prevent use of such confidential information for purposes other than this Litigation, as stated herein.  In addition, the Parties contemplate that Third Parties may produce confidential information that they wish to be subject to this Order.

2.      This Order shall apply to all information, documents, and things within the scope of discovery in this Litigation that are in the possession, custody, or control of, or are owned by, the Parties or Third Parties, including but not limited to testimony provided at deposition pursuant to Federal Rule of Civil Procedure 30 or 31; responses to interrogatories under Federal Rule of Civil Procedure 33; documents and things responsive to requests for production of documents and things under Federal Rule of Civil Procedure 34; responses to requests for admission under Federal Rule of Civil Procedure 36; testimony provided at any hearing in this Litigation; documents and things responsive to, and testimony provided pursuant to any subpoena issued in this Litigation under Federal Rule of Civil Procedure 45; and documents, things, testimony, or other information obtained through discovery from foreign entities or Third Parties, including but not limited to discovery taken under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

3.      The protections conferred by this Order cover not only Protected Material (as defined herein), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure of another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as confidential pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

## II.      DEFINITIONS

5.      <u>Affiliate</u> refers to any Third Party that directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, a Party to this Litigation.

6.      <u>Asserted Patents</u> means any patent that Biogen alleges, in its Complaint or infringement contentions in this Litigation, is infringed, as may be amended in the future.

7.      <u>Challenging Party</u> refers to a Party or Third Party that challenges the designation of information or items under this Order.

8.      <u>CONFIDENTIAL</u> refers to material or information that constitutes, contains, reveals, or reflects trade secrets or other confidential research, development, business, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), including but not limited to: scientific and technical information; financial, budgeting and/or accounting information; information about existing and potential customers; marketing and other business strategies, decisions, or negotiations; personnel compensation, evaluations, and other employment information; and includes such confidential and proprietary information about a Third Party, including parents, subsidiaries, and/or other Affiliates.   Provisions of this Stipulated

Protective Order relating to CONFIDENTIAL Material and information shall be understood to encompass any information derived from, as well as testimony and oral conversation related to, CONFIDENTIAL information, and all copies, excerpts, and summaries thereof.

9.      Designated In-House Counsel means In-House Counsel that may be designated to receive HIGHLY CONFIDENTIAL Discovery Material during this Litigation pursuant to Paragraph 40 of this Stipulated Protective Order.

10.     Designating Party refers to a Party or Third Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

11.     Discovery Material means all documents, testimony, pleadings, exhibits, and all other material or information produced or disclosed in this Litigation, including responses to requests for production of documents and/or things, answers to interrogatories, responses to requests for admissions, documents and things made available for inspection, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, including Third Party discovery pursuant to Federal Rule of Civil Procedure 45, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this Litigation. This Stipulated Protective Order and protections herein shall apply to all Discovery Material.

12.     Expert means a person with specialized knowledge or experience in a matter pertinent to this Litigation who has been retained by a Party or its In-House Counsel or Outside Counsel to serve as an expert witness or as a consultant in this Litigation who, at the time of retention, is not an officer, director, or employee of a Party or an Affiliate and is not anticipated to become an officer, director, or employee of a Party or an Affiliate. Nothing in this Stipulated

Protective Order purports to alter in any way the requirements for offering testimony under Federal Rule of Evidence 703, or to define the term "expert" for purposes other than determining the scope of disclosure permitted under this Stipulated Protective Order.

13.     <u>HIGHLY CONFIDENTIAL</u> refers to material or information relating to abbreviated Biologics License Application ("aBLA") No. 761322 submitted to the Secretary of Health and Human Services pursuant to section 351 of the Public Health Service Act.  This designation may also be used to protect a limited number of hyper-sensitive documents containing financial or pipeline information, but shall be applied sparingly in view of the lesser tier of confidentiality available under this Order.  Provisions of this Stipulated Protective Order relating to HIGHLY CONFIDENTIAL material and information shall be understood to encompass any information derived from, as well as testimony and oral conversation related to, HIGHLY CONFIDENTIAL information, and all copies, excerpts, and summaries thereof.

14.     <u>In-House Counsel</u> means any attorney who is an employee of a Party or an Affiliate.

15.     <u>Litigation</u> means the above-captioned matter, including all appeals.

16.     <u>Outside Counsel</u> means any attorney from a law firm that has made an appearance as counsel of record for a Party in this Litigation and who is not an employee of a Party or of an Affiliate.

17.     <u>Party</u> means one of the Parties to this Litigation identified in the case caption above, and for purposes of this Stipulated Protective Order only, an entity subject to discovery pursuant to paragraph 2 of the Stipulation and Order Dismissing Defendants Sandoz International and Sandoz GmbH Without Prejudice (D.I. 11).  For the avoidance of doubt:

    a)  "Sandoz" means one or more of Sandoz Inc., Sandoz International GmbH, or Sandoz GmbH;

b) "Biogen" means one or more of Biogen Inc. and Biogen MA Inc.; and

c) "Polpharma" means Polpharma Biologics S.A.

18.     Personal Data shall have the meaning given in Article 4 of the General Data Protection Regulation No. 2016/679 the European Parliament ("GDPR"), namely any information relating to an identified or identifiable natural person (data subject) who is a resident of the European Economic Area; an identifiable natural person is one who can be identified, directly or indirectly, in particular by reference to an identifier such as a name, an identification number, location data, an online identifier or to one or more factors specific to the physical, physiological, genetic, mental, economic, cultural or social identity of that natural person.

19.     Producing Party means any Party or any Third Party who produces or otherwise discloses Discovery Material in this Litigation.

20.     Prosecution means participation in drafting, amending, or modifying the scope of patent claims, or advising on any amendments or alterations, during the prosecution of patent applications in the United States or in any foreign country.  For clarity, Prosecution, as defined in this Order, refers to pre-issuance activities.  Post-issuance administrative or judicial proceedings, such as proceedings before the Patent Trial and Appeal Board, are not Prosecution as defined in this Order.  An individual's role as supervisor of an attorney or patent agent engaged in Prosecution shall not, in and of itself, constitute evidence that the supervising individual is engaged in Prosecution.

21.     Protected Material means any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as provided herein.

22.     Receiving Party means any individual or Party that receives information produced or otherwise disclosed by any Producing Party.

23.     <u>Related Patent or Application</u> means a U.S. or foreign patent or patent application that claims priority to a patent application that led to one of the Asserted Patents or to which an application for one of the Asserted Patents claims priority, including, but not limited to, continuation, continuation-in-part, divisional, reexamination and reissue applications, including abandoned and rejected applications.

24.     <u>Sensitive Personal Data</u> shall mean Personal Data outline in Article 9 of the GDPR, including information revealing racial or ethnic origin, political opinions, religious, or philosophical beliefs, or trade union membership, genetic data, biometric data for the purpose of uniquely identifying a natural person, data concerning health, or data concerning a natural person's sex life or sexual orientation.

25.     <u>Third Party</u> means a person or entity not a Party (as defined herein) to this Litigation.

## III.   DESIGNATIONS AND REDACTIONS OF DISCOVERY MATERIAL

26.     Any Producing Party may designate Discovery Material as CONFIDENTIAL in accordance with this Stipulated Protective Order if such Party in good faith believes that such Discovery Material contains CONFIDENTIAL information as defined in Paragraph 8.

27.     Any Producing Party may designate Discovery Material as HIGHLY CONFIDENTIAL in accordance with this Stipulated Protective Order if such Party in good faith believes that such Discovery Material contains HIGHLY CONFIDENTIAL information as defined in Paragraph 13.

28.     Designation in conformity with this Order requires:

        a)   <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend CONFIDENTIAL

or HIGHLY CONFIDENTIAL to each page of each document that contains protected material.

b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record all protected testimony and specify the level of protection being asserted. By right, the Designating Party shall have 30 days following receipt of the final transcript by Outside Counsel to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards, that the entire transcript shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL.

29.    A Party or Third Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection

under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend (CONFIDENTIAL or HIGHLY CONFIDENTIAL) to each page of each document that contains Protected Material.

30.     Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information regarding products other than natalizumab and other than methods of treatment and/or safety protocols used in conjunction with natalizumab treatment, only insofar as that information is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege, to work-product immunity, or any other applicable privilege or immunity.  Each such redaction, regardless of size, shall be clearly labeled as "Redacted — Non-Responsive," "Redacted — Privileged," or with another suitable label.  Information involving the privacy interests of one or more individuals or subject to data privacy restrictions (such as social security numbers, dates of birth, private addresses or telephone numbers, or other personal information) can be redacted in accordance with Paragraph 53.  Documents redacted based on attorney-client privilege, work product immunity, or other privilege or immunity are not required to be listed on a privilege log in the first instance, provided the redaction is clearly labeled as "Redacted — Privileged."  Upon a showing of good cause (*e.g.*, that the sender, recipients, or nature of the privilege cannot be ascertained), the Receiving Party may request that the Producing Party log the redacted document.  This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

31.     Third Parties may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL any deposition transcripts of their witnesses and any Discovery Material they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as Parties.  Any such

Protected Material shall be treated by the Parties in the same manner as the Protected Material produced by a Party.  Third Parties have the same rights and obligations under this Stipulated Protective Order as the Parties and may move the Court to enforce the provisions herein, provided that the Third Parties shall sign and provide to the Parties the Acknowledgement and Agreement to be Bound (Exhibit A).

32.     Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals (who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), if required) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

33.     Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

34.     Any pleading, brief, declaration, affidavit, expert report, or other filing that contains, describes, or discusses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material shall be filed under seal pursuant to the requirements of Rule 5.1.3 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware and

the Court's CM/ECF procedures.  The filing Party must include on the cover page of the brief or other filing a description legend in the following format: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL" or another suitable legend.  The sealed material shall not be opened or released from the custody of the Clerk or Court except by order of the Court.  Outside Counsel for the Party filing papers containing, describing, or discussing CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with paragraph (G)(1) of the United States District for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means (Revised May 2019).  If the filing contains the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material of the party who did not file the document, within four (4) calendar days from the date of a filing made under seal, Outside Counsel for the filing Party shall deliver to Outside Counsel for the non-filing Party or Parties a proposed public version of the filing that was made under seal, and this proposed public version shall include redactions of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material.  Within four (4) calendar days after receipt of the proposed public version, Outside Counsel for the non-filing Party shall provide any additional redactions it believes appropriate.  Redacted versions of papers filed under seal may be made publicly available provided that (a) all CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is redacted; and (b) such redacted versions clearly identify each place where information or exhibits have been redacted.

## IV.    ACCESS TO AND USE OF PROTECTED MATERIAL

35.    Notwithstanding any provision of this Stipulated Protective Order, any Party may use or disclose its own Protected Material for any purpose.

36.     Protected Material shall not be used by the Receiving Party for any purpose other than this Litigation, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraphs 38 through 42 below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.  Specifically, neither a Receiving Party nor Outside Counsel of a Receiving Party may use Protected Material in connection with any other lawsuit, patent office proceeding, any unrelated dispute resolution proceeding, in the preparation or Prosecution of any patent application, any Citizens' Petition involving the Food and Drug Administration ("FDA"), or for any other business, proprietary, commercial, competitive, personal, governmental, or regulatory purpose, domestic or foreign.  It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely related to this Litigation based on his or her evaluation of Protected Material, provided that such advice and opinions shall not reveal the content of such Protected Material except by prior written agreement of counsel for the parties, or by Order of the Court.

37.     HIGHLY CONFIDENTIAL Discovery Material and the contents of HIGHLY CONFIDENTIAL Discovery Material  may be disclosed only to persons identified in Paragraphs 39 through 42 below provided that the person has no current responsibility or involvement, and will not have responsibility or involvement for the duration of this Litigation, for or in any of the following activities (a) through (c).  The restrictions described in these Paragraphs shall begin when access to HIGHLY CONFIDENTIAL Discovery Material and the contents of HIGHLY CONFIDENTIAL Discovery Material is first received by the affected individual, and shall end the earlier of (i) one (1) year after Final Disposition of this Litigation, or (ii) in the case of Outside Counsel, one (1) year after Outside Counsel withdraws from representing a Party in this Litigation:

a) Prosecution, as defined in Paragraph 20, of any Related Patent or Application, or of any other U.S. or foreign patent or patent application claiming natalizumab or its uses, formulations, and/or methods of manufacture;

b) The preparation of any Citizens' Petition relating to natalizumab or methods of treatment and/or safety protocols used in conjunction with natalizumab treatment; and

c) Any financial, pricing, or other business competitive decision-making relating to natalizumab (not including decision-making as an attorney involved in this Litigation, which includes deciding whether to launch a product before the conclusion of this Litigation).

38.     CONFIDENTIAL Material and the contents of CONFIDENTIAL Material may be disclosed only to the following individuals, subject the conditions of Paragraphs 35-37 above:

a) Outside Counsel and its employees and staff responsible for supporting or assisting Outside Counsel in connection with this Litigation;

b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c) Experts retained for purposes of this Litigation, provided that the Expert has signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A, the signed Acknowledgment and Expert's CV or resume have been provided to the Producing Party, and the waiting periods provided in Paragraph 43 have expired;

d) Any deponent during his or her deposition, provided that it appears that the witness authored it, received a copy of it, or was involved in the subject matter described therein, or if the Producing Party consents to such disclosure;

e) Professional vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, videographers, Litigation support personnel, jury consultants, and individuals who prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

f) Contract attorneys retained for the sole purpose of assisting with document review in this Litigation, provided they have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A, which signed Acknowledgement(s) must be provided to the Producing Party if the Producing Party so requests;

g) Mock jurors or focus group members, provided they have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A, which signed Acknowledgement(s) must be provided to the Producing Party if the Producing Party so requests;

h) The Court and court personnel; and

i) Any other person requested by the Receiving Party, provided that the Producing Party has agreed in writing in advance to the disclosure, such

person has signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A, and the signed Acknowledgment has been provided to the Producing Party.

39.    HIGHLY CONFIDENTIAL Discovery Material and the contents of HIGHLY CONFIDENTIAL Discovery Material may be disclosed only to the individuals identified in Paragraphs 38(a) and (c)-(i) and 40-42, subject the conditions of Paragraph 37.

40.    HIGHLY CONFIDENTIAL Discovery Material and the contents of HIGHLY CONFIDENTIAL Discovery Material may also be disclosed, subject the conditions of Paragraph 37, to three Designated In-House Counsel for each of Sandoz and Biogen who, because of their duties and responsibilities in this Litigation, require access to HIGHLY CONFIDENTIAL Discovery Material and have signed the Acknowledgement attached as Exhibit A hereto.  Such signed Acknowledgement must be provided to the Producing Party before the Designated In-House Counsel receives access to any HIGHLY CONFIDENTIAL Discovery Material.

41.    The individuals identified as Designated In-House Counsel may be substituted for another individual In-House Counsel if and when the Designated In-House Counsel departs the company or another situation arises that necessitates substitution.  Absent agreement of the Parties or Court order for good cause shown, only three Designated In-House Counsel may have access to a Producing Party's HIGHLY CONFIDENTIAL Discovery Material at any point in time. Before receiving access to HIGHLY CONFIDENTIAL Discovery Material, the substitute Designated In-House Counsel shall sign the Acknowledgement attached as Exhibit A hereto. Before the substitute Designated In-House Counsel receives access to HIGHLY CONFIDENTIAL Discovery Material, his or her signed Acknowledgement must be provided to the Producing Party, along with written notice of the substitution that states which individual Designated In-House

Counsel is being de-designated.  Notwithstanding the foregoing, any individual formerly or presently identified as Designated In-House Counsel remains subject to the conditions of Paragraphs 37.

42.     Paralegal, clerical, and technical support personnel of the Designated In-House Counsel may also receive HIGHLY CONFIDENTIAL Discovery Material, but only as reasonably necessary to support the Designated In-House Counsel in connection with this Litigation, without signing the Acknowledgement or providing notice to the Producing Party.  Such personnel remain subject to the terms of this Stipulated Protective Order, including the conditions of Paragraph 37.

43.     If a Producing Party objects to the disclosure of Protected Material to an Expert, the Producing Party shall promptly object in writing to the Receiving Party within 48 hours of receiving the expert's CV or resume.  Parties shall then promptly confer in good faith to resolve the concerns giving rise to the objection.  If the Parties are unable to reach agreement regarding such disclosure, the objecting Party must submit the dispute to the Court, via the Court's dispute resolution procedures, no later than three (3) days (as calculated by Federal Rule of Civil Procedure 6) after receipt of the Expert's CV or resume.  To the extent the Court's dispute resolution procedures require initiation through submission of a joint letter, the Parties shall cooperate in allowing initiation of the dispute resolution process within the time period allotted herein for the Objecting Party to do so.  The burden shall be on the objecting Party to demonstrate to the Court why such Expert should not be permitted to receive Protected Material under the Stipulated Protective Order.  For the avoidance of doubt, no Protected Material shall be disclosed to an Expert pursuant to Paragraph 38(c) until after (a) the 48-hour objections period has expired and (b) the Court or the Parties have resolved any objections.  The foregoing time periods may be extended or shortened by agreement of the Parties or by Order of the Court.

44.     The Parties may agree to additional categories of Protected Material, or to modify the definitions of Protected Material, or provisions herein related to access and use, from time to time as may be necessary and appropriate.  If the Parties cannot resolve the issue of whether and/or the extent to which this Order should be amended, the dispute may be submitted to the Court via the assigned district judge's procedures for the raising of such matters.

## V.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

45.     Any Party or Third Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  In addition, the Challenging Party may raise a dispute with the Court using the Court's dispute resolution process at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  A Challenging Party may renew a challenge at a later date.

46.     If a Receiving Party, upon receipt of documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, objects to such designation of any or all of such items, the following procedure shall apply:

    a)  Outside Counsel for the objecting Party shall serve on the Producing Party or Third Party a written objection, which shall describe with particularity the documents or information in question and shall state the grounds for objection.

    b)  Outside Counsel for the Producing Party or Third Party shall respond in writing to such objection within five (5) days (as calculated by Federal Rule

of Civil Procedure 6), and shall state with particularity the grounds for asserting that the document or information is CONFIDENTIAL or HIGHLY CONFIDENTIAL.

c) If the Producing Party or Third Party makes no timely written response to the objection, the challenged designation will be deemed to be void.  If the Producing Party or Third Party makes a timely response to the objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

d) If a dispute as to a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation of a document or item of information cannot be resolved by agreement, the challenger of the designation shall present the dispute to the Court via the assigned district judge's procedures for the raising of such matters within three (3) days of receipt of the Producing Party or Third Party's timely written response to the objection(s).  To the extent the Court requires raising the issue through joint submission, the Parties shall cooperate to allow submission of the dispute to the Court within the time period allotted herein for the challenger to do so.  The burden remains on the Producing Party to establish that the challenged information constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL material.

e) The document or information that is the subject of the dispute shall be treated as originally designated pending resolution of the dispute, unless the Producing Party or Third Party failed to provide a timely written response

to the objection in accordance with the above, in which case the designation is deemed to be void.

## VI.   INADVERTENT DISCLOSURE OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

47.     Counsel shall exert their best efforts to identify information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity prior to the disclosure of any such documents or material.  If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.

48.     If a Producing Party unintentionally or inadvertently discloses information that it believes is protected, privileged, or otherwise immune from discovery, the Producing Party shall promptly advise the Receiving Party or Parties in writing and request the information be returned or destroyed, at the Producing Party's election.  If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.  When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall immediately take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information and identify all copies of the information; (3) shall immediately, and not later than three (3) business days after receipt of the Producing Party's request, return to the Producing Party or destroy the privileged or protected information and destroy all copies thereof; and (4) shall confirm to the Producing Party the destruction or return of all copies of the

privileged or protected information.  Notwithstanding this provision, no Party or its In-House or Outside Counsel shall be required to return or destroy any information that may exist on any disaster recovery backup system.  No one shall use the fact or circumstances of the unintentional or inadvertent production of the information in this Litigation to argue that any privilege or protection has been waived.

49.     The Receiving Party may seek to compel the production of information identified by the Producing Party as privileged or protected on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than inadvertent production of the information in this Litigation.  Any such request shall not disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on a privilege log) in any way. The Parties expressly acknowledge that documents which were inadvertently or unintentionally produced cannot be sequestered by a Receiving Party for submission to the Court.  Outside Counsel for the Producing Party and Outside Counsel for the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such request to compel production.

## VII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

50.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Litigation as CONFIDENTIAL or HIGHLY CONFIDENTIAL, that Party must, prior to disclosure of the designated information or items:

> a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

51.     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Litigation as CONFIDENTIAL or HIGHLY CONFIDENTIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

## VIII.   PERSONAL DATA SUBJECT TO THE GDPR

52.     The Parties acknowledge that disclosure and discovery activity in this Litigation may involve production of information that may be subject to the General Data Protection Regulation No. 2016/679 of the European Parliament ("GDPR"), and that Article 44 of the GDPR limits transfers of personal data.  The Parties further acknowledge that, under Article 49 of the GDPR, information subject to the regulation may be transferred where such information is "necessary for the establishment, exercise or defence of legal claims." (GDPR Art. 49 (1)(e)).

53.     The Producing Party shall redact any Sensitive Personal Data subject to the GDPR. The Producing Party shall label any such redacted information as "PII REDACTION" or similar designation.  The Receiving Party may inquire as to the nature of the redacted information to the extent necessary to allow consideration of the appropriateness of the redaction. In the event there

is a dispute concerning the relevance of redacted Sensitive Personal Data, the Parties shall meet and confer in good faith.

54.     In the event that the Producing Party determines that it has inadvertently disclosed Sensitive Personal Data or other Personal Data without the appropriate designation or redaction, it shall promptly alert the Receiving Parties.  In the event that a Receiving Party determines that the Producing Party has disclosed Sensitive Personal Data or other Personal Data without the appropriate designation or redaction, it shall promptly alert the Producing Party and any other Receiving Party.  In either situation, the Producing Party shall promptly produce a new version of the document or other evidence with the appropriate designation or redaction, and the Receiving Parties shall delete and destroy all copies of the originally-produced document.

55.     Any Protected Material containing information or data subject to the GDPR to be filed with the Court shall be filed in accordance with above procedures in Paragraph 34 for filing Protected Material under seal.

## IX.     DURATION OF PROTECTION AND DESTRUCTION OF PROTECTED MATERIAL

56.     Unless modified, superseded, or terminated pursuant to the terms contained in this Order or other Court order, this Stipulated Protective Order shall remain in effect through Final Disposition of this Litigation.  Final Disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Litigation, with or without prejudice; and (2) final judgment entered after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Litigation, including expiration of the time limits for filing any motions or applications for extension of time pursuant to applicable law.

57.     Not later than seventy-five (75) days (as calculated by Federal Rule of Civil Procedure 6) after the Final Disposition of this Litigation, all Protected Material, including all

copies thereof, shall be returned to the Producing Party or destroyed.  Notwithstanding the foregoing, each Outside Counsel firm for a Party may retain one (1) archival copy of all papers filed with the Court, expert reports, discovery responses, transcripts of testimony and exhibits, correspondence, and their own work product containing such Protected Material; provided, however, that Outside Counsel maintains the safeguards of this Stipulated Protective Order.  The Parties, Outside Counsel, Designated In-House Counsel, and their respective employees need not purge nor sort through email systems, document management systems, or back-up tapes; provided, however, that any Protected Material contained in such documents shall remain subject to the protections of this Stipulated Protective Order.

58.     Not later than ninety (90) days (as calculated by Federal Rule of Civil Procedure 6) after the Final Disposition of this Litigation, any Receiving Party who received any Protected Material shall certify in writing to the Producing Party that all such material has been returned or destroyed to the extent required by this Order.

## X.     MISCELLANEOUS

59.     This Stipulated Protective Order is without prejudice to the right of any Party or other individual or entity to seek further or additional protection of information for which the protection of this Stipulated Protective Order is not believed by to be adequate.  Nothing in this Stipulated Protective Order shall be deemed to bar or preclude any Producing Party from seeking additional protection, including, without limitation, an order that certain information may not be discovered at all.

60.     The entry of this Stipulated Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery, and except as expressly provided, shall not relieve any Party or Third Party of the obligation of producing information in the course of discovery.

61.     By limiting the disclosure of information in this case, this Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any Party or other individual or entity subject to this Order, who becomes subject to a motion to disclose another Producing Party's information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order, shall promptly notify that Producing Party of the motion, so that the Producing Party may have the opportunity to appear and be heard on whether that information should be disclosed.

62.     Outside Counsel shall have the right to exclude from depositions any person who is not authorized under this Stipulated Protective Order to receive Protected Material, other than the deponent.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to Protected Material.  The failure of the unauthorized individual (other than the deponent) to leave the deposition room during any portion of the deposition that inquiries into information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall constitute justification for Outside Counsel to call the Court to have the issue resolved.

63.     Nothing in this Stipulated Protective Order shall bar or otherwise restrict any Outside Counsel or Designated In-House Counsel from rendering advice to his or her client with respect to this Litigation and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced or exchanged in this Litigation; provided, however, that in rendering such advice and in otherwise communicating with a person not permitted access to Protected Material under this Stipulated Protective Order, the Outside Counsel or Designated In-House Counsel shall not disclose the contents of Protected Material produced by any other Party or Third Party.

64.     Each person who receives Protected Material protected by this Stipulated Protective Order agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order, including after Final Disposition of the Litigation.

65.     This Order may be amended by the agreement of Outside Counsel for the Parties in the form of a written Amended Stipulated Protective Order signed by each Party's Outside Counsel and filed with the Court for approval.

66.     Neither the termination nor Final Disposition of this Litigation, nor the termination of employment of any person with access to Protected Material, shall relieve a Party from the obligation of maintaining the confidentiality of such information in accordance with this Stipulated Protective Order. The Court shall retain jurisdiction after Final Disposition of this Litigation (a) to interpret and enforce the terms of this Stipulated Protective Order, (b) hear and resolve any disputes arising out of this Stipulated Protective Order, and (c) to make such modifications, amendments, deletions and additions to this Stipulated Protective Order as the Court may deem appropriate. Further, the Court retains the right to allow disclosure of any subject or Protected Material covered by this Stipulated Protective Order or to modify or vacate this Stipulated Protective Order at any time in the interest of justice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Derek J. Fahnestock

_____

Jack Blumenfeld (#1014)
Karen Jacobs (#2881)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
kjacobs@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiffs*
*Biogen Inc. and Biogen MA Inc.*

February 17, 2023

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Samantha G. Wilson

_____

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for the Defendant Sandoz Inc.*


SO ORDERED this ___ day of _____, 2023.


_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIOGEN INC. and BIOGEN MA INC.,    )
    )
    Plaintiffs,    )
    )
    v.    )    C.A. No. 22-1190 (GBW)
    )
SANDOZ INC. and    )
POLPHARMA BIOLOGICS S.A.,    )
    )
    Defendants.    )

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND
BY STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that:

1) My present address is _____

   _____

2) My present employer, and the employer's address, are _____

   _____

   _____

3) My present occupation or job description is _____

   _____

   _____

4) I have received and carefully read the Stipulated Protective Order entered in this

   Litigation dated _____, 2023.  I understand and agree to be bound

   by all of its provisions, including but not limited to the restrictions of Paragraphs

   36 through 42.  Further, I understand that I am obligated, under Order of the Court,

   to hold in confidence and not to disclose the contents of anything marked

A-1

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (also referred to as "Protected Material"), except as permitted by the Stipulated Protective Order.

5) Upon Final Disposition of this Litigation (as defined in the Stipulated Protective Order), or at any time requested by Outside Counsel for the Party by whom I am engaged, I will return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Protected Material which have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

6) I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court, and may be liable in a civil action for damages by the Producing Party. I hereby submit to the jurisdiction of the District of Delaware for the purpose of enforcement of the Stipulated Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____          Signature: _____