# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOGEN INC. and BIOGEN MA INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> SANDOZ INC. and POLPHARMA BIOLOGICS S.A., <br><br> *Defendants*. | REDACTED - PUBLIC VERSION <br> (Filed February 23, 2023) <br><br> C.A. No. 22-1190-GBW <br><br> ███████████ <br> ███████████ |

## LETTER FROM SAMANTHA G. WILSON TO THE HONORABLE GREGORY B. WILLIAMS REGARDING SANDOZ'S DISCOVERY DISPUTES TO BE HEARD AT THE FEBRUARY 22, 2023 HEARING

Of Counsel:
Erik J. Olson
Eric C. Pai
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com
epai@mofo.com

Matthew Chivvis
Rachel S. Dolphin
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
mchivvis@mofo.com
rdolphin@mofo.com

Wesley WL Chen
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
(858) 720-5100
wchen@mofo.com

Dated: February 16, 2023

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Sandoz Inc.*

Dear Judge Williams:

 Defendant Sandoz Inc. submits its letter brief regarding the discovery disputes to be addressed at the February 22, 2023 hearing: (1) whether Plaintiff Biogen should be ordered to produce unredacted copies of two documents that it contends were inadvertently produced and clawed back and that Sandoz contends are not privileged and for which any alleged privilege has been waived; and (2) whether Biogen should be ordered to reproduce its Rule 30(b)(6) designee for certain of Sandoz's Rule 30(b)(6) Topics.  A proposed order is enclosed.

## I. BIOGEN'S CLAWBACK OF BUSINESS STRATEGY DOCUMENTS

 Biogen recently clawed back and redacted two documents purportedly containing attorney-client privileged communications and attorney work product.  The documents, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are quintessential *business* strategy documents.  Even if an attorney were somehow involved, Biogen has not established that any communication was made for the primary purpose of providing legal advice.  Nor has Biogen demonstrated that the documents were prepared in reasonable anticipation of litigation.  Moreover, Biogen demonstrated the non-privileged nature of the content (or, to the extent it would have had a privilege claim, waived it) by failing to object when one of its witnesses was questioned at deposition regarding a different document containing similar purportedly privileged material.  Sandoz respectfully requests production or *in camera* review so that the Court can determine whether Biogen has met its burden to establish that the redacted material is privileged.

### A. Background

 This patent litigation relates to Sandoz's anticipated launch of a biosimilar version of Biogen's biologic drug, Tysabri, to provide a lower cost treatment option for patients suffering from multiple sclerosis.  Biogen's primary patents covering Tysabri have long expired.  *See* Wilson Decl. ("Ex.") 1, Biogen 2013 Form 10-K at 9 ("The principal patents covering the product and use of the product to treat MS . . . expire between 2015 and 2020.").  In an attempt to prevent competition by Sandoz, Biogen is moving for a preliminary injunction asserting ancillary manufacturing and testing patents.  Sandoz's forthcoming opposition will demonstrate that Biogen has failed to demonstrate a likelihood of success on its patent infringement allegations.

 The two documents at issue in this motion are versions of a Biogen document entitled  Relevance is not disputed. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, is relevant to issues of likelihood of success, causal nexus, and harm in the pending motion for a preliminary injunction.

 Biogen clawed back the documents, redacting entire pages and portions of other pages.  During the meet-and-confer process preceding this motion, Sandoz pressed Biogen for a

1

privilege log substantiating its privilege claim. Biogen's log entries do not identify any attorneys as senders or recipients. Ex. 4. It merely states that the redacted information contains "attorney-client communications, legal advice, and attorney work product related to Biogen intellectual property." *Id.* Sandoz requested that Biogen provide a declaration substantiating its privilege assertions.[1] Biogen, in response, simply provided a list of names of attorneys who may have been involved in preparing the documents.

### B. Biogen Has Failed to Satisfy Its Burden of Proving That ▮▮▮▮▮ Contain Attorney-Client Privileged Communications.

As the party seeking to assert the attorney-client privilege, Biogen bears the burden of establishing that the privilege applies. *Idenix Pharms., Inc. v. Gilead Scis., Inc.*, 195 F. Supp. 3d 639, 642 (D. Del. 2016). Because the privilege only applies if the communication was made for the purpose of providing legal advice, "[i]f the primary purpose of a communication is to . . . render advice on non-legal matters, the communication is not within the scope of the attorney-client privilege." *Id.* at 644-45 (quoting *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 147 (D. Del. 1977)).

"When the communication between an attorney and non-legal personnel primarily relates to business concerns, the communication is not within the scope of attorney-client privilege." *AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*, No. 17-CV-01065-MSG-RL, 2018 WL 2995677, at *2 (D. Del. June 14, 2018) ("*Boehringer*"). "In the corporate setting, it is often difficult to determine whether a communication was made for business or legal purposes because legal advice 'is often intimately intertwined with and difficult to distinguish from business advice.'" *FTC v. Abbvie, Inc.*, No. CV 14-5151, 2015 WL 8623076, at *3 (E.D. Pa. Dec. 14, 2015) ("*Abbvie I*") (citation omitted). For this reason, courts look to the documents' "primary purpose" to determine whether the privilege applies. *Hercules*, 434 F. Supp. at 147. The "inquiry is focused on whether the communication is designed to meet problems which can fairly be characterized as predominately legal." *FTC v. Abbvie Inc.*, No. CV 14-5151, 2016 WL 4478803, at *7 (E.D. Pa. Aug. 25, 2016) ("*Abbvie II*").

Biogen has the burden to "clearly demonstrate that the communication in question was made for the express purpose of securing legal not business advice." *Boehringer*, 2018 WL 2995677, at *3 (quoting *Abbvie II*, 2016 WL 4478803, at *7). It has failed to do so. Biogen's privilege log states only that the redacted text in the Tysabri business plans is "related to Biogen intellectual property." Ex. 4. Simply invoking "intellectual property" does not render a communication primarily legal in nature. Communications between corporate patent attorneys and non-legal personnel often "assess the business implications of the company's patent position" and thus "predominately reflect business concerns, such as the competitive position of the company, marketing strategy, licensing policy, etc." *Hercules*, 434 F. Supp. at 147. "Even though in-house counsel may have been consulted to help determine the market entry date" for competitors due to loss of patent exclusivity, "this does not mean that any document using that

---

[1] Sandoz first requested a declaration on February 1, 2023, and since that time followed up with the same request, but Biogen never agreed to provide one. Without any indication that Biogen had changed its mind, about an hour before this letter brief was due, and while Sandoz was finalizing its brief for submission, Biogen sent a declaration from an attorney. Sandoz has not had a chance to review it, let alone determine how, if at all, it impacts this letter brief.

date must be privileged." *Abbvie I*, 2015 WL 8623076, at *11. Although "market entry dates" and "patent protection" may be "concerned with legal advice," communications on those subjects are not privileged when they are "discussed only to the extent that they have business implications." *Id.* at *10.

Given the nature of the documents at issue, Biogen's privilege log is insufficient to meet its burden. *See Idenix*, 195 F. Supp. 3d at 644-45 (holding that privilege log entry stating that withheld document related to "legal issues regarding marketing and business development and patent issues regarding nucleosides for the treatment of HCV" had "failed to show that the 'primary purpose' of the document was not the seeking of advice on a non-legal matter."). Moreover, courts have recognized that patent analyses conducted for the primary purpose of making business decisions constitute business advice, not legal advice. *See, e.g.*, *Abbvie II*, 2016 WL 4478803, at *11 (holding that portions of document drafted by business executive were not privileged even though they contained outside counsel's analysis "concerning the exclusive rights, including patent rights, covering a [particular] drug" because the document was "clearly directed to market, competition, and other business considerations"); *Boehringer*, 2018 WL 2995677, at *3-4 (holding that slide in a presentation regarding a "coordinated business strategy for enhancing the value of AbbVie's intellectual property" not privileged, even though it contained information "directed to or prepared by [in house counsel] or at [in house counsel's] direction in advance of the IP discussion, and/or reflecting conversations with other attorneys").

### C. Biogen Has Failed to Establish That the Documents Contain Work Product.

For the work product doctrine to apply, Biogen has the burden to "establish that the document was created in reasonable anticipation of litigation." *Abbvie II*, 2016 WL 4478803, at *6. This is a fact specific inquiry to determine whether a "document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.* (quoting *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir. 1993)). Biogen has not presented evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ connect to any anticipated litigation.

### D. Biogen Waived Privilege by Failing to Object at Deposition on a Related Document.

Finally, Biogen demonstrated that no privilege and work product protection should attach regarding any clawed-back  was introduced at the deposition of its witness, Gary Bloomgren. There, he was permitted to testify regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Biogen's decision to let that document be introduced and permit a witness to testify about it is inconsistent with its claim of privilege regarding the at-issue documents. Even if Biogen's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that privilege has now been waived. "[I]f a privileged document is used at a deposition, and the privilege holder fails to object immediately, the privilege is waived." *Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, No. 06cv2804 BTM (WMc), 2010 WL 275083, at *5 (S.D. Cal. Jan. 13, 2010) (collecting cases).

Sandoz respectfully requests production of the documents in full or *in camera* review for the Court to determine whether any of the redacted text is privileged, and if so, whether redactions of narrower scope would be appropriate.

3

## II. BIOGEN'S INADEQUATE PREPARATION OF ITS RULE 30(b)(6) DESIGNEE

Sandoz respectfully requests that Biogen be ordered to properly prepare and reproduce its 30(b)(6) witness, Mr. Daniel O'Connell, regarding 30(b)(6) Topic Nos. 1-2, 15-16, 19, 23-24, and 26 ("Disputed Topics"). Broadly, they relate to: Biogen's agreements and/or partnerships with third parties regarding Tysabri or Stratify, the related assay, relevant at least to Sandoz's license and exhaustion defenses and damages; Tysabri and/or Stratify financial information and the use of Stratify by physicians, relevant to at least rebut Biogen's PI claims of irreparable harm and balance of hardships; and communications with the FDA regarding Stratify, natalizumab, or related issues, which Biogen argues are relevant to alleged infringement. Biogen agreed to produce a witness for each Disputed Topic. Ex. 10 (notice); Ex. 7 (objections); Ex. 8 (highlighted emails regarding scope). These Topics are directed to many subjects outside the scope of Mr. O'Connell's work in product development and commercialization strategy (*see* Ex. 9, Tr. at 9-14, 16-17). ████████████████████████████████████████████████

His testimony reflects inadequate preparation. For example, ████████████████████████████████████████████████████████████████████████████████████████████████

For all these reasons, Biogen's preparation of Mr. O'Connell fell short of a "reasonable inquiry for information that is noticed and reasonably available to" Biogen and outside of his personal knowledge. *Oy v. Verizon Servs. Corp.*, C.A. No. 12-715-CJB, 2013 WL 5675516, at *2 (D. Del. Oct. 15, 2013) (citations omitted). Sandoz therefore asks the Court to order Biogen, before Sandoz's PI sur-reply is due April 7, 2023 (D.I. 64), to properly prepare and produce Mr. O'Connell for a further 5-hour deposition.

4

                                Respectfully,

                                */s/  Samantha G. Wilson*

                                Samantha Wilson (No. 5816)

Encl.: Proposed Order
Exhibits filed separately via Declaration of Samantha G. Wilson

cc:   All Counsel of Record (via email)

30129828.1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOGEN INC. and BIOGEN MA INC., *Plaintiffs*, v. SANDOZ INC. and POLPHARMA BIOLOGICS S.A., *Defendants*. | C.A. No. 22-1190-GBW |

### [PROPOSED] ORDER

At Wilmington this _____ day of _____, 2023, the Court, having considered Defendant Sandoz Inc.'s ("Sandoz") discovery letter brief filed on February 16, 2023, and the papers and argument submitted in connection therewith,

IT IS HEREBY ORDERED that:

1. Sandoz's motion is GRANTED;

2. Plaintiff Biogen Inc. ("Biogen") shall produce unredacted copies of the documents attached to the Declaration of Samantha G. Wilson in support of Sandoz's discovery letter brief as Exhibits 2 and 3 immediately;

3. Biogen shall properly prepare and produce Daniel O'Connell for a further five-hour deposition regarding Topic Nos. 1-2, 15-16, 19, 23-24, and 26 of Sandoz's Rule 30(b)(6) notice by March 31, 2023.

SO ORDERED.

_____
United States District Judge