IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOGEN INC. and BIOGEN MA INC., | |
| Plaintiffs, | |
| v. | C.A. No. 22-1190-GBW |
| SANDOZ INC. and POLPHARMA BIOLOGICS S.A., | |
| Defendants. | |

## MEMORANDUM ORDER

Plaintiffs Biogen Inc. and Biogen MA Inc. (collectively, "Biogen" or "Plaintiffs") filed their Second Amended Complaint (D.I. 98) against Defendants Sandoz Inc. ("Sandoz") and Polpharma Biologics S.A. ("Polpharma") (collectively, "Defendants") to "halt Sandoz's and Polpharma's [(purported)] past, current, and future intended infringement of Biogen's rights pursuant to the patent laws of the United States." D.I. 98 ¶ 2; *see Biogen Inc. v. Sandoz Inc.*, No. CV 22-1190-GBW, 2023 WL 7130655, at *1-2 (D. Del. June 29, 2023).

Pending before the Court is Plaintiffs' Motion to Exclude and/or Strike Expert Testimony of Denise A. Galloway, Ph.d. (D.I. 559) (the "Motion"), which has been fully briefed (D.I. 560; D.I. 578; D.I. 584; D.I. 585). For the following reasons, the Court denies the Motion.

I.  **BACKGROUND**

Plaintiffs' Motion challenges the expert testimony of Dr. Denise A. Galloway ("Dr. Galloway").[1] Specifically, Plaintiffs challenge testimony found in:

1. The Opening Expert Report of Denise Galloway, Ph.d. (ECF No. 560-1 at PageID 43579-43638) ("Dr. Galloway's Opening Report" or the "Galloway Opening Report");[2]

2. The Rebuttal Expert Report of Denise A. Galloway, Ph.d. (ECF No. 560-1 at PageID 43673- 43737) ("Dr. Galloway's Rebuttal Report" or the "Galloway Rebuttal Report");[3] and

3. The Reply Expert Report of Denise A. Galloway, Ph.d. (ECF No. 560-1 at PageID 43742-43788) ("Dr. Galloway's Reply Report" or the "Galloway Reply Report").[4]

II. **DISCUSSION**

A.  **The Court Denies Plaintiffs' Motion**

The Court denies Plaintiffs' Motion for the following reasons:

First, Plaintiffs' contention that certain testimony should be excluded as untimely fails for the same reason that the Court rejected a similar challenge brought in Plaintiffs' Combined Motion to Exclude and/or Strike Expert Testimony (D.I. 541). *See* D.I. 590 at 8-9.

Second, Plaintiffs' contention that Dr. Galloway lacks qualifications to provide certain testimony fails because the Court conditionally admits the challenged testimony. *See Cohen v.*

---

[1] The challenged testimony is reproduced in D.I. 585 (Dr. Galloway's Expert Chart Pursuant to D.I. 575) with some modifications. *See* D.I. 585 at 1 n.4 ("All images, tables, and graphs contained within the challenged testimony are not included for brevity and legibility."). The Court will reproduce the text of D.I. 585 from a Microsoft Word copy. *See* D.I. 575.

[2] As to Dr. Galloway's Opening Report, under *Daubert*, Plaintiffs challenge the entire report as being outside the scope of Dr. Galloway's expertise. *See* D.I. 585 at 1-2. Plaintiffs also contend

*Cohen*, 125 F.4th 454, 460 (3d Cir. 2025); *In Re Novartis Pharms. Corp. v. MSN Pharms. Inc.*, No. 20-MD-2930-RGA, 2024 WL 4723274, at *2 (D. Del. Nov. 8, 2024). The Court exercises its discretion to conditionally admit the challenged testimony, in light of: (1) the Court serving as the factfinder, (2) the volume of testimony at issue, (3) briefing on Plaintiffs' Motion closed two months before trial is scheduled to start, (4) Plaintiffs' basis for challenging the testimony, and (5) the trial being subject to time limitations. *See, e.g.*, *APEX Fin. Options, LLC v. Gilbertson*, No. CV 19-0046-WCB, 2022 WL 613347, at *3 (D. Del. Mar. 1, 2022) ("It is simply less critical to pre-screen expert testimony in the bench trial setting, since the court can simply disregard expert evidence that it regards as unreliable, irrelevant, or unhelpful."); *United States v. Reynosa*, No. 22-1321, 2022 WL 17485956, at *3 (3d Cir. Dec. 7, 2022) (nonprecedential) ("Safeguards such as those provided for in Rules 701 and 702 are largely irrelevant in the context of a bench trial because it its presumed that the bench judge will not rely on inadmissible evidence."); *Alcon Inc. v. Padagis Israel Pharms. Ltd.*, No. CV 22-1422-WCB, D.I. 299 at 26 (D. Del. Aug. 29, 2024) ("The Third Circuit's instruction that challenges to expert qualifications relate more to weight than admissibility is particularly powerful in the context of a bench trial.").

---

that "Dr. Galloway's opinions should be stricken to the extent she relies on new and untimely-disclosed purported prior art." *Id.* at 5-106 (capitalization and emphasis altered).

[3] As to Dr. Galloway's Rebuttal Report, under *Daubert*, Plaintiffs challenge the entire report as being outside the scope of Dr. Galloway's expertise. *See* D.I. 585 at 1-2.

[4] As to Dr. Galloway's Reply Report, under *Daubert*, Plaintiffs challenge the entire report as being outside the scope of Dr. Galloway's expertise. *See* D.I. 585 at 1-2. Plaintiffs also contend that "Dr. Galloway's opinions should be stricken to the extent she relies on new and untimely-disclosed purported prior art." *Id.* at 5, 106-146 (capitalization and emphasis altered).

### III. CONCLUSION

For the foregoing reasons, the Court denies the Motion (D.I. 559).[5]

\* \* \*

WHEREFORE, at Wilmington this 3rd day of April 2025, **IT IS HEREBY ORDERED** that the Motion (D.I. 559) is **DENIED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[5] "[E]ven though [the Court] [is] denying the [M]otion for now, the parties may make (and, indeed, in order to preserve the issue, must make) objections at appropriate times at trial." *Cephalon, Inc. v. Slayback Pharma Ltd. Liab. Co.*, No. CV 17-1154-CFC, D.I. 314 at 1-2 (D. Del. Sept. 5, 2019).