## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BIOGEN INC. and BIOGEN MA INC.,

                        Plaintiffs,

            v.                                          C.A. No. 22-1190-GBW

SANDOZ INC. and POLPHARMA
BIOLOGICS S.A.,

                        Defendants.

---

## MEMORANDUM ORDER

Plaintiffs Biogen Inc. and Biogen MA Inc. (collectively, "Biogen" or "Plaintiffs") filed their Second Amended Complaint (D.I. 98) against Defendants Sandoz Inc. ("Sandoz") and Polpharma Biologics S.A. ("Polpharma") (collectively, "Defendants") to "halt Sandoz's and Polpharma's [(purported)] past, current, and future intended infringement of Biogen's rights pursuant to the patent laws of the United States." D.I. 98 ¶ 2; *see Biogen Inc. v. Sandoz Inc.*, No. CV 22-1190-GBW, 2023 WL 7130655, at *1-2 (D. Del. June 29, 2023).

Pending before the Court are the following motions *in limine*:

1.  Plaintiffs' Motion *in Limine* #1 to Exclude Evidence, Testimony, or Argument Regarding Prior Litigations Involving Tysabri® (ECF No. 630-1 at PageID 55191) ("Plaintiffs' MIL #1"), which has been fully briefed (ECF No. 630-1 at PageID 55193-55196, 55316-55320; ECF No. 631 at PageID 55738-55741);

2.  Plaintiffs' Motion *in Limine* #2 to Exclude Inadmissible Parol Evidence That Contradicts Unambiguous Contract Terms (ECF No. 630-1 at PageID 55747) ("Plaintiffs' MIL #2"),

which has been fully briefed (ECF No. 630-1 at PageID 55749-55752, 55861-55865; ECF No. 631 at PageID 55896-55899);

3. Defendants' Motion *in Limine* to Exclude Information Improperly Relied on by Biogen's Experts (ECF No. 631 at PageID 55905) ("Defendants' MIL #1"), which has been fully briefed (ECF No. 631 at PageID 55906-55909; ECF No. 632 at PageID 56133-56138; ECF No. 633 at PageID 57319-57321);

4. Defendants' Motion *in Limine* to Exclude Information Not Disclosed During Discovery (ECF No. 633 at PageID 57325) ("Defendants' MIL #2"), which has been fully briefed (*id.* at PageID 57326-57329, 57437-57442, 57594-57596); and

5. Defendants' Motion *in Limine* to Exclude Information Related to Alleged Misappropriation of Biogen Confidential Information (ECF No. 634 at PageID 57602) ("Defendants' MIL #3"), which has been fully briefed (*id.* at PageID 57603-57605, 57626-57631, 57775-57777).

For the following reasons, the Court does not grant any of the parties' motions *in limine*.

## I.    BACKGROUND

### A.    Tysabri

"Biogen developed the biologic product TYSABRI® (natalizumab) ('Tysabri'), which is 'a humanized monoclonal antibody that targets the alpha-4 (or α4) integrin component of adhesion molecules found on many white blood cells.'" 2023 WL 7130655, at *1 (quoting D.I. 98 ¶ 34). "It is used to treat relapsing forms of multiple sclerosis ('MS')—a chronic, progressive, and disabling autoimmune disease of the central nervous system ('CNS'), i.e., the brain and spinal cord—and used to treat moderate to severe Crohn's Disease ('CD')—a chronic, autoimmune disease of the gastrointestinal ('GI') tract." *Id.* (quoting D.I. 98 ¶¶ 29-33).

2

"In February 2005, it was discovered that a small number of individuals who had received Tysabri during the clinical trials developed progressive multifocal leukoencephalopathy ('PML')—an infection of the brain." *Id.* (quoting D.I. 98 ¶¶ 38-39). "Individuals may develop PML when John Cunningham polyomavirus or John Cunningham Virus ('JCV') is reactivated in the body." *Id.* (quoting D.I. 98 ¶ 40). "Biogen scientists worked on developing assays to address how to better predict whether a patient is at risk of developing PML while taking Tysabri." *Id.* "In January 2012, the FDA approved the 'first and only clinically and analytically validated anti-JCV antibody assay, the Stratify™ JCV Antibody Enzyme-Linked Immunosorbent Assay ('ELISA') Test ('Stratify' or the 'Stratify assay').'" *Id.* (quoting D.I. 98 ¶ 56).

## II.    LEGAL STANDARDS

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules."[1] "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial."[2]

"A motion *in limine* is a vehicle to exclude inadmissible or prejudicial evidence before it is offered at trial."[3] "A motion *in limine* is designed to 'narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'"[4] "A motion in limine is appropriate for 'evidentiary

---

[1] *Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc.*, 386 F. App'x 214, 218 (3d Cir. 2010) (nonprecedential) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)).

[2] *DNOW, L.P. v. Schramm, Inc.*, No. CV 17-1575, 2019 WL 13229219, at *1 (D. Del. May 17, 2019) (quoting *Ridolfi v. State Farm Mut. Auto. Ins. Co.*, No. CV 15-859, 2017 WL 3198006, at *2 (M.D. Pa. July 27, 2017)).

[3] *Novartis AG v. Actavis Elizabeth LLC*, No. CV 14-1487-LPS, 2017 WL 1398347, at *2 (D. Del. Apr. 17, 2017); *see Chervon (HK) Ltd. v. One World Techs., Inc.*, No. CV 19-1293-GBW, D.I. 521 at 2 (D. Del. Feb. 5, 2025).

[4] *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 2 (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)); *see* Fed. Judicial Ctr., *Patent Case Management Judicial Guide*

3

submissions that clearly ought not be presented . . . because they clearly would be inadmissible for any purpose.'"[5]

Although "[m]any motions *in limine* do require the court's disposition pretrial," *United States v. Adams*, 36 F.4th 137, 150 (3d Cir. 2022), "motions *in limine* often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, "[a] trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context."[6]

"Trial courts [are] [often] more reluctant to exclude evidence in a bench trial than a jury trial." *Wright v. Elton Corp.*, No. CV 17-286-JFB, 2022 WL 1091280, at *1 (D. Del. Apr. 12, 2022). "Courts have often denied motions in limine in bench trials because the rationale underlying motions in limine does not apply [equally] in bench trials."[7] "While some courts do

---

§ 7.5 (3d ed. 2016) ("Motions *in limine* provide the court with an opportunity to establish procedures and substantive limitations that will streamline the evidence, shorten the trial, and reduce jury confusion.").

[5] *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 2 (alterations in original) (quoting *Evolved Wireless, LLC v. Apple Inc.*, No. CV 15-542-JFB-SRF, 2019 WL 1100471, at *1 (D. Del. Mar. 7, 2019)); *see Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) ("Evidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds.").

[6] *DNOW*, 2019 WL 13229219, at *1 (quoting *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017)).

[7] *Zanghi v. Freightcar Am., Inc.*, No. 3:13-146, 2015 U.S. Dist. LEXIS 196744, at *3 (W.D. Pa. July 31, 2015); *see, e.g., Shaw v. CitiMortgage, Inc.*, No. 3:13-CV-0445-LRH-VPC, 2016 U.S. Dist. LEXIS 55411, at *6-7 (D. Nev. Apr. 26, 2016) ("As a preliminary matter, the Court notes that trial in this case will be a bench trial. Because of this, the Court will be in a better position to rule upon challenges to witnesses and evidence during the course of trial when there will be more context and a fuller understanding of the issues and evidence in the case. . . . The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only upon competent evidence. . . . The more prudent course in a bench trial, therefore, is to resolve evidentiary doubts in favor of admissibility."); *Genosource, LLC v. SECURA Ins.*, No. 21-CV-86 CJW-KEM, 2023 WL

4

find that such motions are unnecessary in a bench trial, it is far from universal that motions in limine should not be decided prior to a bench trial."[8]

## III.    DISCUSSION

As explained below, at this stage, the Court does not grant any of the parties' motions *in limine*.

### A.    The Court Defers Ruling on Plaintiffs' MIL #1

As explained below, the Court defers ruling on Plaintiffs' first motion *in limine*.

In their first motion *in limine*, Plaintiffs "move *in limine* to preclude Defendants from eliciting testimony, introducing evidence, or presenting argument at trial regarding prior, unrelated litigations involving . . . Tysabri®."  ECF No. 630-1 at PageID 55193 (footnote omitted). According to Plaintiffs, the preceding litigations "are irrelevant here, and pose a substantial risk of wasting the Court's time and unfairly prejudicing Biogen." *Id.* at PageID 55193; *see* ECF No. 631 at PageID 55740 ("Prior product liability and securities litigations—and related testimony, evidence, or argument—have no bearing on this patent infringement lawsuit and should be

---

4700657, at *4 (N.D. Iowa Mar. 13, 2023) ("[M]otions in limine are ill-advised in the context of a bench trial."); *Garcia v. United States*, No. CV H-23-0038, 2024 WL 4438773, at *6 (S.D. Tex. Oct. 7, 2024) ("In a bench trial, [motions in limine] are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk.") (alteration in original) (quoting *Cramer v. Sabine Transportation Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001)).

[8] *Bd. of California Winery Workers' Pension Tr. Fund v. Vineyards*, No. CV 1:17-CV-00364-SAB, 2018 WL 4242068, at *2 (E.D. Cal. Sept. 6, 2018); *see, e.g., Acadia Pharms. Inc. v. Aurobindo Pharma Ltd.*, No. 22-CV-1387-GBW, D.I. 125 at 20-22 (D. Del. Nov. 25, 2024) (granting motion *in limine* before bench trial); *AstraZeneca AB v. Zydus Pharms. (USA) Inc.*, No. CV 18-664-RGA, D.I. 137 at 2-3 (D. Del. May. 6, 2021) (granting in part motion *in limine* before bench trial); *UCB, Inc. v. Watson Lab'ys, Inc.*, No. CV 14-1083-LPS-SRF, 2017 WL 11646645, at *22 n.4 (D. Del. Nov. 14, 2017) (noting the Court granted motion *in limine* before bench trial), *aff'd*, 927 F.3d 1272 (Fed. Cir. 2019).

excluded."). Thus, Plaintiffs contend that "[a]dmitting such evidence would violate FRE 401, 402, and 403[.]" ECF No. 631 at PageID 55740.

Defendants disagree. As to Plaintiffs' relevancy challenge, Defendants respond that "[t]he Court should deny Biogen's efforts to exclude [] highly probative evidence." ECF No. 630-1 at PageID 55317. The prior litigations are relevant, according to Defendants, because Plaintiffs made "admission[s] [that] directly contradict[] the position Biogen is now taking on written description." *Id.* Defendants also assert that the prior litigations are relevant to "a whole host of other issues[.]" *Id.* at PageID 55318. As to Plaintiffs' Rule 403 challenge, Defendants highlight that the Court will serve as the factfinder. *See id.* at PageID 55319 ("None of the cases Biogen cites involved a bench trial, so prejudice is not a core concern."). Thus, Defendants counter that "[t]he Court is well positioned to consider and weigh all of the evidence as it sees fit." *Id.*

"The party offering the evidence and testimony at trial bears the burden of proof that it is relevant under Rule 401."[9] "Rule 401's basic standard of relevance is a liberal one." *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555, 568 (D. Del. 2011).[10] Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *United States v. Desu*, 23 F.4th 224, 233 (3d Cir. 2022) (quoting Fed. R. Evid. 401). As Plaintiffs

---

[9] *Rosales v. Rollag*, No. CV-22-01581-PHX-DJH, 2024 WL 5103023, at *3 (D. Ariz. Dec. 13, 2024); *see Cordance Corp. v. Amazon.com, Inc.*, 639 F. Supp. 2d 406, 430 (D. Del. 2009) ("[S]ince Amazon is the proponent of that evidence, it has the burden of proving that is admissible.").

[10] "[C]ourts often apply the relevance standard with little rigor during a bench trial." *Coon v. Bell*, No. CV 16-291 (MAD/DJS), 2019 WL 3975547, at *3 (N.D.N.Y. Aug. 22, 2019) (quoting *Com. Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. CV 01-3796 (PKL), 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004)).

recognize when opposing Defendants' motions *in limine*,[11] to meet its burden under Rule 401, the proponent of evidence must overcome only a "low threshold."[12]

"[T]here is a strong presumption that relevant evidence should be admitted[.]"[13] Nevertheless, "[u]nder Rule 403, 'the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Egan v. Delaware River Port Auth.*, 851 F.3d 263, 275 (3d Cir. 2017) (quoting Fed. R. Evid. 403). As explained below, "[t]his balancing test strongly favors admissibility in a bench trial." *De La Rosa v. 650 Sixth Ave Trevi LLC*, No. 13-CV-7997 (VEC), 2019 WL 6245408, at *4 (S.D.N.Y. Nov. 22, 2019).

Although "the Supreme Court has said [Rule 403] is 'generally not amenable to broad *per se* rules[,]'"[14] the Third Circuit has observed that "rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*," *Walden*, 126 F.3d at 518 n.10, as "Rule 403 is a trial-oriented

---

[11] *See* ECF No. 634 at PageID 57629 ("[E]vidence of Dr. Simon's work for Polpharma meets the low relevance bar.").

[12] *United States v. Copple*, 24 F.3d 535, 545 (3d Cir. 1994); *see, e.g.*, *Sohnen v. Charter Commc'ns, Inc.*, No. 18-CV-6744, 2025 WL 25418, at *4 (E.D.N.Y. Jan. 3, 2025) ("[I]t is well-established that Rule 401's test for relevance is a 'low threshold, easily satisfied[.]'"); *Smith v. Ergo Sols., LLC*, No. CV 14-382 (JDB), 2019 WL 3068293, at *2 (D.D.C. July 12, 2019) ("To be relevant, evidence need not be dispositive; rather, it must merely cross the low threshold prescribed by Rule 401.") (quotation marks omitted); *Leinenweber v. DuPage Cnty.*, No. CV 8-3124, 2011 WL 612332, at *1 (N.D. Ill. Feb. 15, 2011) ("[T]he federal courts are unanimous in holding that the definition of relevant is expansive and inclusive, and that the standard for admissibility is very low.") (citations omitted).

[13] *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 85 (3d Cir. 2019) (quoting *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002)); *see Williams v. City of Philadelphia Off. of Sheriff*, No. CV 17-2697, 2023 WL 198586, at *3 (E.D. Pa. Jan. 15, 2023).

[14] *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1368 (Fed. Cir. 2017) (quoting *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008)).

7

rule."[15]   This is especially true in the context of bench trials.   As Plaintiffs recognize when opposing Defendants' motions *in limine*,[16] "[c]ourts in this district have consistently exercised restraint in applying Rule 403 in a bench trial." *APEX Fin. Options, LLC v. Gilbertson*, No. CV 19-0046-WCB, 2022 WL 622130, at *1 (D. Del. Mar. 3, 2022) (quoting *nCube Corp. v. SeaChange Int'l Inc.*, No. 01-011-LPS, 2012 WL 4863049, at *7 (D. Del. Oct. 9, 2012)).[17]

"[E]xcluding evidence under Fed R. Evid. 403 at the pretrial stage is an extreme measure."[18] "[I]n order to exclude evidence under Rule 403 at the pretrial stage, a court must have a record complete enough on the point at issue to be considered a virtual surrogate for a trial

---

[15] *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (footnote omitted); *see Stockton v. Wetzel*, No. CV 16-613, 2023 WL 5751409, at *4 (M.D. Pa. Sept. 6, 2023).

[16] *See* ECF No. 634 at PageID 57629 ("Defendants' prejudice arguments bear little weight in a bench trial.").

[17] *See, e.g., Upsher-Smith Lab'ys, LLC v. Zydus Pharms. (USA) Inc.*, No. CV 21-1132-GBW, 2024 WL 3487935, at *1 (D. Del. July 18, 2024) ("[T]he portion of Rule 403 referring to prejudicial effect and misleading the jury 'has no logical application in bench trials.'") (quoting *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981)); *Otsuka Pharm. Co. v. Zenara Pharma Priv. Ltd.*, No. CV 19-1938-LPS, D.I. 580 (D. Del. Sept. 27, 2022) ("As the Court will be presiding over a bench trial - and one in which time limits are imposed - and for the additional reasons also set out in this Order, the risks addressed in Federal Rule of Evidence 403 do not substantially outweigh the probative value of the challenged evidence."); *Belcher Pharms., LLC v. Hospira, Inc.*, No. CV 17-775-LPS, 2019 WL 2425979, at *1 (D. Del. May 31, 2019) ("[I]ts probative value is not substantially outweighed by the concerns of Federal Rule of Evidence 403, including unfair prejudice or waste of time, particularly as this will be a timed, bench trial.").

[18] *In re Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 314 (3d Cir. 2004) (quoting *Hines v. Consol. Rail Corp.*, 926 F.2d 262, 274 (3d Cir. 1991)); *see Frolow v. Wilson Sporting Goods Co.*, 710 F.3d 1303, 1315 (Fed. Cir. 2013) (Moore, J., additional views) ("This circuit has cautioned that '[e]vidence should be excluded un[der] Rule 403 only sparingly' and that the balance under the rule 'should be struck in favor of admissibility.'") (some alterations in original) (quoting *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir.1992)).

record." *In re Paoli*, 916 F.2d at 859-60. Nevertheless, such exclusion routinely occurs in patent cases.[19]

"Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility, is a matter first for the district court's sound judgment under Rules 401 and 403 and ultimately, if the evidence is admitted, for the trier of fact." *Toledo*, 386 F. App'x at 218 (alterations in original) (quoting *Abel*, 469 U.S. at 54).

In this instance, considering the scope of Plaintiffs' challenges, and given that this action involves a timed bench trial, the Court defers ruling on Plaintiffs' first motion *in limine*. *See, e.g.*, *DNOW*, 2019 WL 13229219, at *1 ("A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context.") (quoting *Tartaglione*, 228 F. Supp. 3d at 406); *AstraZeneca*, No. CV 18-664-RGA, D.I. 137 at 2 ("I am not too concerned about relevancy and Rule 403, because I expect I can ignore the irrelevant and the 'unfair prejudice.'"); *Shaw*, 2016 U.S. Dist. LEXIS 55411, at *6-7 ("As a preliminary matter, the Court notes that trial in this case will be a bench trial. Because of this, the Court will be in a better position to rule upon challenges to witnesses and evidence during the course of trial when there will be more context and a fuller understanding of the issues and evidence in the case. . . . The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only upon competent evidence. . . . The more prudent course in a bench trial, therefore, is to resolve evidentiary doubts in favor of admissibility.").

---

[19] *See, e.g.*, *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 21-22; *Prolitec Inc. v. ScentAir Techs., LLC.*, No. CV 20-984-WCB, 2024 WL 341342, at *4-5 (D. Del. Jan. 30, 2024); *Cirba Inc. v. VMware, Inc.*, No. CV 19-742-GBW, 2023 WL 3190781, at *7-10 (D. Del. Apr. 24, 2023).

Thus, to the extent it is necessary, the Court will make a later determination, in context during the bench trial, on the substance of Plaintiffs' first motion *in limine*.[20]

## B.    The Court Defers Ruling on Plaintiffs' MIL #2

As explained below, the Court defers ruling on Plaintiffs' second motion *in limine*.

Yet again, the Court is presented with the deposition testimony of Quest Diagnostics Inc.'s ("Quest") corporate representative, Nancy Lindstrom. *See, e.g., Biogen Inc. v. Sandoz Inc.*, No. CV 22-1190-GBW, 2025 WL 753849, at *6 n.9 (D. Del. Mar. 10, 2025); D.I. 590 at 41; D.I. 638 at 25.

Before Lindstrom's deposition, Plaintiffs tried to avoid the disputed testimony by "remind[ing]" Quest's counsel about "the contract between Biogen and Quest" and specific "language in the Stratify label[.]" ECF No. 519-6 at PageID 36941. Those reminders apparently did not work. During the deposition, Plaintiffs' counsel contacted Quest's counsel asserting that Lindstrom's "testimony is unfortunately untrue" and requesting a "call [] at the next break." ECF No. 530-2 at PageID 37211.[21] After the deposition, Plaintiffs' counsel complained to Quest's

---

[20] If Plaintiffs renew their objections, both sides should be prepared to explain why particular evidence from the prior litigations is, or is not, admissible. *Cf. TwinStrand Biosciences, Inc. v. Guardant Health, Inc.*, No. CV 21-1126-GBW, D.I. 508 at 6-7 (D. Del. Nov. 1, 2023) ("Even when courts exclude evidence of the 'existence of ... other litigation', or the arguments therein, 'evidence that has been developed in an IPR or other litigation—including testimonial as well as documentary evidence—may be used at trial.'") (alterations in original) (quoting *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, No. CV 16-284-LPS, 2019 WL 77046, at *2 (D. Del. Jan. 2, 2019)).

[21] In light of the limited circumstances in which counsel defending a deposition can confer with the deponent during the deposition, it is unclear why Plaintiffs' counsel felt that conferring during the break would be productive. *See* D. Del. LR 30.6 ("From the commencement until the conclusion of deposition questioning by an opposing party, including any recesses or continuances, counsel for the deponent shall not consult or confer with the deponent regarding the substance of the testimony already given or anticipated to be given, except for the purpose of conferring on whether to assert a privilege against testifying or on how to comply with a court order."); *see also Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 528-30 (E.D. Pa. 1993).

counsel and warned that "Biogen reserves the right to all available remedies, including for breach of contract." ECF No. 519-6 at PageID 36942. Then through its *Daubert* motions, Plaintiffs sought to limit Defendants' experts from relying on certain Lindstrom testimony. *See* D.I. 590 at 41-42.

Now, in their second motion *in limine*, Plaintiffs again attempt to limit the Lindstrom testimony. In this instance, Plaintiffs "request that the Court exclude certain third-party testimony that contradicts the unambiguous terms of a written contract between Biogen and its vendor, the third-party Quest." ECF No. 631 at PageID 55749. That testimony, according to Plaintiffs, is "inadmissible parol evidence . . . [by] Nancy Lindstrom" that is "identified in Exhibit 1." *Id.* (emphasis removed).[22] Plaintiffs contend that the preceding testimony "should be excluded under the parol evidence rule because they contradict the unambiguous terms of the Biogen-Quest Agreement." *Id.* at PageID 55898.[23]

Defendants disagree. Defendants counter that Plaintiffs' second motion *in limine* "is not an evidentiary motion but a request for summary judgment on the meaning of a contract." *Id.* at PageID 55862; *see id.* ("[T]he present motion most resembles a request for summary judgment on a specific issue: whether the contract is ambiguous and what it means. That is not a proper motion *in limine*."). Defendants contend that the Court should assess the weight of the Lindstrom testimony at or after trial. *See id.* at PageID 55862-55863 ("The Court can and should judge that

---

[22] The exhibit that Plaintiffs "cite" is a one hundred seventy-three page, deposition transcript. *See id.* at PageID 55757-55800. Instead of providing pinpoint citations in their briefing, Plaintiffs submitted their exhibit with highlighting scattered throughout pages 57-62, 86-88, 123-124, and 168-169 of the deposition transcript. *Cf. Live Face on Web, LLC v. Rockford Map Gallery, LLC*, No. CV 17-539, 2020 WL 13718835, at *1 n.1 (D. Del. Dec. 11, 2020) ("'Judges are not like pigs, hunting for truffles buried in briefs,' or in this case, exhibits.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

[23] That agreement is reproduced in ECF No. 631 at PageID 55802-55853.

legal and factual issue after trial on a full record, not before. Ms. Lindstrom's testimony is relevant to multiple disputed issues[.] . . . A triable issue of fact remains as to what Biogen authorized Quest to do and the parties' course of dealing. The Court should resolve that dispute at trial, not in a motion *in limine*.").

Defendants' contention that the scope of Plaintiffs' second motion *in limine* is improper finds some support in the caselaw. The Third Circuit, for example, has observed that "[d]espite its title, the [parol evidence] rule is one of substantive contract law, and not one of evidence."[24] This supports Defendants' contention because a motion *in limine* should not be used to "seek[] a dispositive ruling on a substantive issue in the case."[25] However, courts outside this District have granted motions *in limine* that are based on the parol evidence rule.[26] At this stage, the Court need

---

[24] *Fr. Winkler KG v. Stoller*, 839 F.2d 1002, 1005 (3d Cir. 1988); *see Mellon Bank Corp. v. First Union Real Est. Equity & Mortg. Invs.*, 951 F.2d 1399, 1404-05 (3d Cir. 1991); *Domino's Pizza LLC v. Deak*, 383 F. App'x 155, 161 (3d Cir. 2010) (nonprecedential).

[25] *Sonos, Inc. v. D&M Holdings Inc.*, No. CV 14-1330-WCB, 2017 WL 5633204, at *2 (D. Del. Nov. 21, 2017) ("During the hearing, the Court ruled that D&M's motion was not properly cast as a motion in limine, but instead was seeking a dispositive ruling on a substantive issue in the case. The Court will not address D&M's argument as a motion in limine[.]"); *see, e.g.*, *10X Genomics, Inc v. Vizgen, Inc.*, No. 22-CV-595-MFK, 2025 WL 625684, at *2 (D. Del. Jan. 27, 2025) ("Vizgen did not move for summary judgment on this point. It cannot properly obtain via a motion *in limine* a substantive ruling regarding the viability of plaintiffs' willfulness claim."); *Wasica Fin. GmbH v. Schrader Int'l, Inc.*, No. CV 13-1353-LPS, 2020 WL 509182, at *1 (D. Del. Jan. 31, 2020) ("Defendants' motion is essentially a motion for summary judgment, which is not a proper basis for a MIL."); *Johns Hopkins Univ. v. Alcon Lab'ys Inc.*, No. CV 15-525, 2018 WL 4178159, at *21 (D. Del. Aug. 30, 2018) ("A motion in limine is not the proper vehicle by which to eliminate issues from a case."); *Telcordia Techs., Inc. v. Lucent Techs., Inc.*, No. CV 04-875 GMS, 2007 WL 7076662, at *8 (D. Del. Apr. 27, 2007) ("The court, however, need not address the merits of this motion, because it has determined that the motion is not a motion in limine. Rather, it is a stealth motion for summary judgment[.]"); *see also Natera Inc. v. ArcherDx, Inc.*, No. 20-cv-125-GBW, D.I. 585 at 2-3 (D. Del. May 3, 2023).

[26] *See, e.g.*, *L.P.P.R., Inc. v. Keller Crescent Corp.*, 532 F. App'x 268, 271 (3d Cir. 2013) (nonprecedential) ("Before trial, Keller filed a motion in limine asking the Court to hold that the terms of the Contract are unambiguous and to accordingly bar any testimony contradicting the terms of the written contract under the parol evidence rule. The Court granted the motion[.]"); *Fed.*

not decide which side is correct on this point because, as explained below, the Court defers ruling on whether Lindstrom's testimony is inadmissible parol evidence.

As noted earlier, "[d]espite its title, the [parol evidence] rule is one of substantive contract law[.]" *Stoller*, 839 F.2d at 1005. Even in patent cases,[27] "the interpretation of private contracts is ordinarily a question of state law[.]"[28] In this instance, the Court presumes that Delaware law governs the contract at issue.[29]

"Under Delaware law, . . . 'the proper interpretation of language in a contract is a question of law.'"[30] "[A] contract is ambiguous only when the provisions in controversy are reasonably or

---

*Deposit Ins. Corp. v. WH Venture*, No. CV 84-5673, 1987 WL 14856, at *5 (E.D. Pa. July 29, 1987) ("Continental's motion in limine to exclude parole evidence . . . is GRANTED."); *Paradigm All., Inc. v. Celeritas Techs., LLC*, No. 07-1121-EFM, 2009 WL 10689835, at *2 (D. Kan. Nov. 25, 2009) ("Celeritas' Motion in Limine to Exclude Parole Evidence (Doc. 381) is hereby GRANTED in part, and DENIED in part."); *Seroctin Rsch. & Techs. v. Unigen Pharms.*, No. 2:07-CV-00582-TC, D.I. 263 at 1 (D. Utah July 27, 2011) ("Defendants' motion to admit parol evidence (Dkt. No. 203) is GRANTED."). None of the preceding cases, however, directly addressed "the pertinent question here about whether [a] [motion *in limine*] is an appropriate vehicle to" exclude parole evidence. *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 248 n.3 (3d Cir. 2018). "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Id.* (quoting *Grant v. Shalala*, 989 F.2d 1332, 1341 (3d Cir. 1993)).

[27] *See Fraunhofer-Gesellschaft Zur Förderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, 940 F.3d 1372, 1380 (Fed. Cir. 2019).

[28] *Kannuu Pty Ltd. v. Samsung Elecs. Co.*, 15 F.4th 1101, 1106 (Fed. Cir. 2021) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989)).

[29] *Compare* ECF No. 631 at PageID 55821 ("This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to the conflicts of law principles thereof."), *with Richey v. Showtime Networks Inc.*, No. 1:24-CV-00134-SB, 2025 WL 843278, at *2 (D. Del. Mar. 18, 2025) ("When the parties have not raised this issue or even hinted at what other states' law says, the wiser course is to follow their lead and apply the law used by their briefing.").

[30] *Fried v. Adapthealth LLC*, No. CV 24-305-GBW, 2025 WL 1135203, at *2 (D. Del. Apr. 17, 2025) (quoting *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1030 (Del. Ch. 2006)); *see Cont'l Warranty, Inc. v. Warner*, 108 F. Supp. 3d 256, 259 (D. Del. 2015).

fairly susceptible of different interpretations or may have two or more meanings."[31] As explained below, "Delaware law requires 'uncertainty in the meaning and application of contract language' before courts may consider extrinsic evidence."[32]

Under Delaware law,[33] "[t]he parol evidence rule provides that '[w]hen two parties have made a contract and have expressed it in a writing to which they have both assented as to the complete and accurate integration of that contract, evidence ... of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.'"[34]

However, under Delaware law, "[i]f the contract is ambiguous, a court will apply the parol evidence rule and consider all admissible evidence relating to the objective circumstances surrounding the creation of the contract."[35] "Such extrinsic evidence may include overt statements

---

[31] *Fried*, 2025 WL 1135203, at *2 (alteration in original) (quoting *Kaiser Aluminum Corp. v. Matheson*, 681 A.2d 392, 395 (Del. 1996)); *see Warner*, 108 F. Supp. 3d at 259; *In re Alexion Pharms., Inc. Ins. Appeals*, ___ A.3d ___, 2025 WL 383805, at *5 (Del. Feb. 4, 2025).

[32] *Warner*, 108 F. Supp. 3d at 260 (quoting *Eagle Indus., Inc. v. DeVilbiss Health Care, Inc.*, 702 A.2d 1228, 1232 (Del. 1997)); *see BitGo Holdings, Inc. v. Galaxy Digital Holdings, Ltd.*, 319 A.3d 310, 323 (Del. 2024).

[33] In this instance, Delaware law governs. *Cf. Advanced Med., Inc. v. Arden Med. Sys., Inc.*, 955 F.2d 188, 195 (3d Cir. 1992) ("We begin, however, with a general review of the parol evidence rule in its Minnesota incarnation, since Minnesota law governs under paragraph 15 of the Arden–Advanced Agreement.").

[34] *Cohen v. Formula Plus, Inc.*, 750 F. Supp. 2d 495, 502 (D. Del. 2010) (some alterations in original) (quoting *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 556 (Del. Super. Ct. 2005)); *see Prime Victor Int'l Ltd. v. Simulacra Corp.*, 682 F. Supp. 3d 428, 439 (D. Del. 2023).

[35] *Energy Transfer, LP v. Williams Companies, Inc.*, ___ A.3d ___, 2023 WL 6561767, at *19 (Del. Oct. 10, 2023) (quoting *In re Mobilactive Media, LLC*, No. CV 5725-VCP, 2013 WL 297950, at *15 (Del. Ch. Jan. 25, 2013)).

14

and acts of the parties, the business context, prior dealings between the parties, [and] business custom and usage in the industry."[36]

In this instance, considering the scope of Plaintiffs' challenge, and given that this action involves a timed bench trial, the Court defers ruling on Plaintiffs' second motion *in limine*.[37] Thus, to the extent it is necessary, the Court will make a later determination, in context during the bench trial, on the substance of Plaintiffs' second motion *in limine*. *See, e.g.*, *DNOW*, 2019 WL 13229219, at *1; *AstraZeneca*, No. CV 18-664-RGA, D.I. 137 at 2; *Shaw*, 2016 U.S. Dist. LEXIS 55411, at *6-7. ·

## C.    The Court Denies Defendants' MIL #1

As explained below, the Court denies Defendants' first motion *in limine*.

In their first motion *in limine*, "Defendants move to preclude Biogen from presenting evidence, testimony, or argument related to information improperly relied on by Biogen's experts."

---

[36] *Energy Transfer*, 2023 WL 6561767, at *19 (alteration in original) (quoting 2013 WL 297950, at *15). Moreover, if the contract is ambiguous, then "the parties' course of performance 'may be used to aid a court in interpretation of an ambiguous contract, [or] it may also be used to supply an omitted term when a contract is silent on an issue.'" *Kim v. Kettell*, 694 F. Supp. 3d 1379, 1397 (D. Colo. 2023) (alteration in original) (quoting *City of Wilmington v. Wilmington FOP Lodge#1*, No. CV 20244-NC, 2004 WL 1488682, at *7 (Del. Ch. June 22, 2004)); *see Sunline Com. Carriers, Inc. v. CITGO Petroleum Corp.*, 206 A.3d 836, 851 n.95 (Del. 2019).

[37] *See Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752841, at *1, *3-4 (M.D. Fla. June 18, 2007) ("Plaintiff now moves for a Motion In Limine to exclude parole evidence . . . that contradicts the clear and unambiguous language provided in Paragraph 4.4 of the [Administrative Service Agreement ('ASA')]. Plaintiff alleges that any such testimony constitutes inadmissible parol evidence. . . . To dismiss Plaintiff's Motion In Limine is based on legitimate reasons. First, it is impractical for this Court to determine whether an ambiguity exists in the language of ASA [at] this time, and second, this court cannot determine whether the evidence in question should be excluded outside the trial context. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context."); *Kenneth Hantman, Inc. v. Whiting-Turner Contracting Co.*, No. CV 07-1574, 2008 WL 4072591, at *12 n.10 (E.D. Pa. Sept. 2, 2008) (after bench trial denying as moot motion *in limine* and noting that "[t]he Court has not allowed any parol evidence to vary the terms of the parties' unambiguous written contract").

ECF No. 631 at PageID 55906; *see id.* at PageID 55908.  As explained below, the Court will not reach the merits of Defendants' contention that certain "expert opinions are improper," because Defendants' first motion *in limine* attempts to circumvent the deadline for filing *Daubert* motions. *Id.* at PageID 55906.

Motions *in limine* are not vehicles by which to circumvent deadlines.[38]  The Court has discretion to deny untimely *Daubert* challenges, regardless of whether such challenges are "disguised as a general motion *in limine*[.]" *Shields*, 744 F. App'x at 86 n.1, 87 ("Taylor filed a *Daubert* motion disguised as a general motion *in limine*, but past the pre-trial deadline for *Daubert* motions. . . . [T]he trial court was within its discretion under Rule 16(b) of the Federal Rules of Civil Procedure to enforce its scheduling order and therefore deny Taylor's *Daubert* motion as untimely.").

Under the operative scheduling order, "[t]o the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than December 20, 2024,[39] unless otherwise ordered by the Court."  D.I. 280 ¶ (4)(f)(ii).

---

[38] *See, e.g., Datacore Software Corp. v. Scale Computing, Inc.,* No. CV 22-535-GBW, 2024 WL 3823001, at *2 (D. Del. Aug. 14, 2024) ("Scale's motion *in limine* is an untimely and improper motion for summary judgment."); *Telcordia*, 2007 WL 7076662, at *8 n.5 ("[I]t is too late in the day for Telcordia to request summary judgment on the inequitable conduct issue for the first time in a motion in limine."); *Cox v. Delaware Elec. Co-op., Inc.*, 823 F. Supp. 241, 249 (D. Del. 1993) ("The Court also notes plaintiffs' motion is simply a veiled attempt to conclusively establish the negligence of the defendant. As such, it is a case dispositive motion masquerading as a motion *in limine*. . . . The time for filing such motion has long passed[.]").

[39] This deadline was subsequently extended to February 14, 2025.  *See* D.I. 485.

In this instance, Defendants' "motion *in limine* number 1 is **DENIED** since [Defendants'] motion *in limine* is functionally an untimely *Daubert* motion." *Upsher-Smith*, 2024 WL 3487935, at *1.[40]

### D.    The Court Denies Defendants' MIL #2

As explained below, the Court denies Defendants' second motion *in limine*.

In their second motion *in limine*, "Defendants move to preclude Biogen from introducing evidence or testimony where Biogen or its Rule 30(b)(6) witnesses disclaimed knowledge on the issue and/or refused to provide the information in discovery." ECF No. 633 at PageID 57326; *see id.* at PageID 57328 ("Defendants request that the Court preclude Biogen from presenting evidence, testimony, or argument that goes beyond the facts that Biogen disclosed in discovery."). Preclusion is warranted, according to Defendants, because "Federal Rule of Civil Procedure 37(c) prevents a party from relying on information not disclosed during discovery." *See id.* at PageID 57326.

"Federal Rule of Civil Procedure 37(c)(1) provides, 'If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *3G Licensing, S.A. v. HTC Corp.*, No. 17-CV-83-GBW, 2023 WL 6442140, at *1 (D. Del. Oct. 3, 2023) (alterations in original) (quoting Fed. R. Civ. P. 37); *see Trudell Med. Int'l*

---

[40] Plaintiffs' contention that Defendants' first motion *in limine* is "in effect [] two *in limine* requests" and "violates the Court's scheduling order that each side is limited to three *in limine* requests" is persuasive, ECF No. 632 at PageID 56135, especially given that Defendants' reply brief fails to address this contention. *Cf. Progressive Sterilization, LLC v. Turbett Surgical LLC*, No. CV 19-627-CFC, 2020 WL 3071951, at *2 (D. Del. June 10, 2020). "[T]he Court could count [Defendants' first motion *in limine*] as multiple motions *in limine*." *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 8 n.7.  However, considering that the Court did not reach the merits of Defendants' first motion *in limine*, the Court exercises its discretion to count the motion *in limine* only once. *See id.*

*Inc. v. D R Burton Healthcare, LLC*, 127 F.4th 1340, 1347 (Fed. Cir. 2025). "Rule 37(c)(1)(C) further provides that the Court may 'impose other appropriate sanctions' when a party fails to provide information as required by Rule 26(a) or (e)." *3G Licensing*, 2023 WL 6442140, at *1 (quoting Fed. R. Civ. P. 37).

Defendants have overlooked that, under the Order Appointing Special Master, the Special Master "ha[s] the duty and authority to require the submission of reports, call conferences, hold hearings in order to determine the status of issues relating to discovery, and to issue orders requiring the parties to adhere to case management dates set by the Court." D.I. 410 ¶ 3. Importantly, the Special Master "shall hear, resolve, and make rulings on all disputes regarding discovery and, when appropriate, enter orders setting forth his rulings." *Id.* Indeed, at least with respect to portions of Defendants' second motion *in limine*, it appears that the Special Master advised Defendants to raise those issues with the Special Master.[41]

In this instance, the Court finds that Defendants' second motion *in limine* raises discovery disputes that should have been brought to the Special Master first. *See, e.g., Horizon Glob. Americas Inc. v. Curt Mfg., LLC*, No. 17-11879, 2020 WL 1303212, at *3 (E.D. Mich. Mar. 18, 2020) ("[T]his argument was not raised with the Special Master and is therefore procedurally improper."); *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. CV 16-453-RGA,

---

[41] For example, Defendants' opening brief asserts that at a hearing the Special Master "den[ied] Defendants' request regarding Mr. Olson without prejudice to be raised later in a motion to preclude." ECF No. 633 at PageID 57327 (citing "Ex. 9 2024/10/24 Special Master Tr. at 116:11-117:1"). That assertion is true. *See id.* at PageID 57431-57433 ("I'm going to deny without prejudice the request to preclude evidence under Rule 37. . . . If new evidence does come up, that it be presented in the context it comes up and the context of a motion to strike and a motion to preclude at that point."). However, it fails to mention that after denying the request, the Special Master said: "[i]f any party thinks that somebody is relying on something that wasn't properly disclosed in discovery, *we can deal with that* when they're actually relying on it." *Id.* at PageID 57433 (emphasis added).

D.I. 344 (D. Del. Nov. 1, 2017) ("The dispute about the Alagar reference should be presented to the Special Master."); *TQ Delta LLC v. Dish Network Corp.*, No. CV 15-614-GBW, D.I. 330 (D. Del. Oct. 28, 2021) ("Plaintiff has raised what is akin to a discovery dispute, that is, whether it has to respond to discovery on issues that it says DISH is estopped by agreement from raising. (D.I. 328[]). The dispute is REFERRED to the Special Master.").

As "the Special Master's authority includes discovery disputes and issues related to the parties' discovery disputes," and this discovery dispute has not been raised with the Special Master,[42] at this stage, the Court will not reach the merits of Defendants' second motion *in limine*. *TQ Delta LLC v. Comcast Cable Commc'ns LLC*, No. CV 15-611-GBW, D.I. 461 at 4 (D. Del. Apr. 8, 2022), *order approved*, D.I. 464 (D. Del. May 3, 2022).[43]

**E.    The Court Defers Ruling on Defendants' MIL #3**

As explained below, the Court defers ruling on Defendants' third motion *in limine* for the same reasons that the Court deferred ruling on Plaintiffs' first motion *in limine*. *See supra* Part III.A.

In their third motion *in limine*, "Defendants move to preclude Biogen from presenting evidence, testimony, or argument regarding alleged misappropriation of Biogen confidential information." ECF No. 634 at PageID 57603; *see id.* at PageID 57604 ("Defendants respectfully request that the Court preclude Biogen from presenting evidence, testimony, or argument regarding alleged misappropriation of Biogen confidential information including, but not limited

---

[42] This is apparent as Defendants' challenge was not raised through the appeal process set forth in the Order Appointing Special Master. *See* D.I. 410 ¶ 6.

[43] Plaintiffs' contention that Defendants' second motion *in limine* should be counted as multiple motions *in limine* is persuasive, *see* ECF No. 633 at PageID 57439, especially given that Defendants' reply brief fails to address this contention. The Court will not do so, however, for the same reasons provided with respect to Defendants' first motion *in limine*. *See supra* note 40.

to, through the testimony of Dr. Simon."). According to Defendants, "[e]vidence, testimony, or argument regarding alleged misappropriation of Biogen confidential information is inadmissible because it is irrelevant and is unfairly prejudicial and confuses the issues." *Id.* at PageID 57603 (citation omitted).

Plaintiffs disagree.  As to Defendants' relevancy challenge, Plaintiffs respond that "Defendants fail to meet their burden of establishing the lack of relevance of the challenged evidence or to even identify the specific evidence they seek to exclude." *Id.* at PageID 57628; *see id.* at PageID 57629 ("[E]vidence of Dr. Simon's work for Polpharma meets the low relevance bar."). As to Defendants' Rule 403 challenge, Plaintiffs highlight that the Court will serve as the factfinder. *See id.* ("Defendants' prejudice arguments bear little weight in a bench trial.").

As explained earlier, *see supra* Part III.A, "Rule 401's basic standard of relevance is a liberal one." *Belden*, 802 F. Supp. 2d at 568. As Defendants recognize when opposing Plaintiffs' motions *in limine*,[44] to meet its burden under Rule 401, the proponent of evidence must overcome only a "low threshold." *Copple*, 24 F.3d at 545; *see* cases cited *supra* note 12.

As explained earlier, *see supra* Part III.A, "there is a strong presumption that relevant evidence should be admitted." *GN Netcom*, 930 F.3d at 85 (quoting *Coleman*, 306 F.3d at 1343). "[R]ulings excluding evidence on Rule 403 grounds should rarely be made *in limine*," *Walden*, 126 F.3d at 518 n.10, as "Rule 403 is a trial-oriented rule." *In re Paoli*, 916 F.2d at 859 (footnote omitted).  "[I]n order to exclude evidence under Rule 403 at the pretrial stage, a court must have a record complete enough on the point at issue to be considered a virtual surrogate for a trial record."

---

[44] *See* ECF No. 630-1 at PageID 55317 ("[T]his evidence easily meets the low bar for relevance.").

*Id.* at 859-60. Moreover, as Defendants recognize when opposing Plaintiffs' motions *in limine*,[45] "[c]ourts in this district have consistently exercised restraint in applying Rule 403 in a bench trial." *APEX*, 2022 WL 622130, at *1 (some alterations in original); *see* cases cited *supra* note 17.

In this instance, considering the scope of Defendants' challenges, and given that this action involves a timed bench trial, the Court defers ruling on Defendants' third motion *in limine*. *See, e.g.*, *DNOW*, 2019 WL 13229219, at *1; *AstraZeneca*, No. CV 18-664-RGA, D.I. 137 at 2; *Shaw*, 2016 U.S. Dist. LEXIS 55411, at *6-7. Thus, to the extent it is necessary, the Court will make a later determination, in context during the bench trial, on the substance of Defendants' third motion *in limine*.

## IV.    CONCLUSION

For the foregoing reasons, the Court does not grant any of the parties' motions *in limine*.[46]

\* \* \*

WHEREFORE, at Wilmington this 1st day of May 2025, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion *in Limine* #1 to Exclude Evidence, Testimony, or Argument Regarding Prior Litigations Involving Tysabri® (ECF No. 630-1 at PageID 55191) is **DEFERRED**;

---

[45] *See* ECF No. 630-1 at PageID 55319 ("None of the cases Biogen cites involved a bench trial, so prejudice is not a core concern.").

[46] The Court's "[r]ulings on [the] motions *in limine* are by definition preliminary and are subject to change as the case unfolds." *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1359 (Fed. Cir. 2003). "At trial, the parties shall make timely objections as necessary and in accordance with Judge Williams' Trial Procedures, and at that time, the Court will determine whether to overrule or sustain the objection[s]." *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 27-28 (quotation marks omitted). The failure to do so may have consequences. *See United States v. Jones*, 566 F.3d 353, 362 (3d Cir. 2009) ("Where a court defers its decision on a motion *in limine* and the defendant fails to renew his objection during trial, the review is for plain error."); *Walden*, 126 F.3d at 518 ("If the district court makes only a tentative ruling on a motion *in limine* an objection or offer of proof at trial is not unnecessary or 'formal.'").

2. Plaintiffs' Motion *in Limine* #2 to Exclude Inadmissible Parol Evidence That Contradicts Unambiguous Contract Terms (ECF No. 630-1 at PageID 55747) is **DEFERRED**;

3. Defendants' Motion *in Limine* to Exclude Information Improperly Relied on by Biogen's Experts (ECF No. 631 at PageID 55905) is **DENIED**;

4. Defendants' Motion *in Limine* to Exclude Information Not Disclosed During Discovery (ECF No. 633 at PageID 57325) is **DENIED**; and

5. Defendants' Motion *in Limine* to Exclude Information Related to Alleged Misappropriation of Biogen Confidential Information (ECF No. 634 at PageID 57602) is **DEFERRED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE