IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIOGEN INC. and BIOGEN MA INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1190-GBW |
| | ) | |
| SANDOZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL OF BIOGEN INC. WITHOUT PREJUDICE AND AMENDMENT OF CASE CAPTION**

This stipulation is made by and between (i) Biogen Inc. and Biogen MA Inc. (collectively, "Biogen") and (ii) Sandoz Inc. ("Sandoz"):

WHEREAS, on September 11, 2026, Sandoz filed a motion to dismiss Plaintiff Biogen Inc. with prejudice for lack of standing under Rule 12(h)(3) (D.I. 924, 925) ("the Motion to Dismiss");

WHEREAS, the parties subsequently met and conferred on the Motion to Dismiss on September 16, 2026;

WHEREAS, the parties agree to dismiss Biogen Inc. as a plaintiff without prejudice, subject to the stipulations below;

WHEREAS, Biogen does not concede or waive any rights regarding whether Biogen Inc. was or is a proper party to this action;

IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their undersigned counsel and subject to the approval of the Court:

1. The parties agree that Biogen MA Inc. is a proper party and has standing to maintain this action for infringement and to pursue its claims for damages it has sustained, subject to proof;

2. Sandoz agrees not to rely on the dismissal of Biogen Inc. as plaintiff to contest standing in this action;[1]

3. Based on the foregoing, Biogen Inc. is dismissed as a plaintiff, without prejudice and without costs, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii);

4. The case caption in this action shall be amended as follows:

| | | |
|---|---|---|
| BIOGEN MA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1190 (GBW) |
| | ) | |
| SANDOZ INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

[1] Sandoz will not contest Biogen MA Inc.'s standing to recover its damages on the basis of the dismissal of Biogen Inc. However, Sandoz continues to maintain its position that any alleged profits do not inexorably flow to Biogen MA Inc. and its agreement to this provision does not constitute a waiver of that position.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Karen Jacobs (#2881)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiffs*
*Biogen Inc. and Biogen MA Inc.*

October 2, 2026

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Samantha G. Wilson*

Anne Shea Gaza (#4093)
Samantha G. Wilson (#5816)
Daniel G. Mackrides (#7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Sandoz Inc.*

SO ORDERED this ____ day of _________________, 2026.

_________________________________
The Honorable Gregory B. Williams
United States District Judge